MICHELLE LUTZ, a/k/a Michelle Arnold, Petitioner-Appellee, v. RANDALL JOSEPH LUTZ, Respondent-Appellant.

Fourth District    No. 4—98—0908

Opinion filed May 3, 2000.

Sarah B. Tinney, of Erwin, Martinkus & Cole, Ltd., of Champaign, for appellant.

Michelle Arnold, of St. Joseph, appellee *pro se*.

JUSTICE KNECHT delivered the opinion of the court:

Respondent, Randall J. Lutz, appeals the extension of a plenary order of protection entered by the circuit court of Champaign County pursuant to the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/101 *et seq.* (West 1998)), on October 28, 1998, in favor of petitioner, Michelle Lutz, his former spouse. Respondent alleges the trial court abused its discretion in extending the plenary order of protection when (1) the original plenary order did not include sufficient findings, (2) the evidence did not warrant extending the order of protection, and (3) the original plenary order of protection had expired on its own terms. We affirm.

On October 2, 1997, petitioner filed a petition for order of protection. That same day, the trial court entered an *ex parte* emergency order of protection and set a hearing for the plenary order of protection for October 21, 1997. On October 15, 1997, respondent filed an answer and general denial of the allegations in the petition.

At the hearing on the petition for order of protection on October 28, 1997, both parties were present and represented by counsel. A transcript of the hearing has not been made part of the appellate record; however, a docket entry indicates the parties agreed to a plenary order of protection for a period of one year. The relevant entry provides in pertinent part: "By agreement of the parties, a one[-]year [p]lenary [o]rder of [p]rotection is GRANTED." The trial court issued the ple-

nary order of protection on October 28, 1997, at 9:20 a.m., to expire on October 28, 1998, at 9:20 a.m. The trial court included in the plenary order of protection a written finding the court had jurisdiction over the parties and minor children. No other written findings were included in the order.

On August 14, 1998, the State's Attorney for Champaign County filed a petition for indirect criminal contempt, alleging respondent. violated the order of protection on August 13, 1998, when he attempted to contact petitioner at her residence. The State attached various documents in support of its petition, including an arrest report that detailed the alleged violation and a notice filed by the sheriff of Champaign County that indicated respondent had been arrested on August 13, 1998, without a warrant for the alleged violation of the protection order (720 ILCS 5/12—30 (West 1998)). The trial court arraigned respondent on August 14, 1998, and set recognizance bond at $1,000 on August 17, 1998.

On October 20, 1998, petitioner filed a motion to modify the prior petition and order of protection. The trial court held the hearing for petitioner's motion on October 28, 1998. At the hearing, petitioner testified, over the objection of respondent's counsel, respondent had violated the original order of protection. Petitioner further testified she continued to fear respondent.

The trial court interpreted petitioner's motion as a motion for extension and entered an order extending the original order of protection. In so doing, the trial court found by a preponderance of the evidence no material change in circumstances had occurred since the entry of the original order. The trial court included in its order express written findings that (1) respondent had abused petitioner and (2) the court had jurisdiction over the parties and minor children. This appeal followed.

■ At the outset, we address the threshold issue of whether the doctrine of mootness applies to the facts of the present case. Here, the extended plenary order of protection, which respondent seeks to invalidate, expired on it own terms on October 28, 1999. A case on appeal becomes moot when the issues involved no longer exist because events occurring after the filing of appeal make it impossible for the appellate court to grant effective relief. In the present case, even assuming the expiration of the order of protection rendered this appeal formally moot, the issues presented are reviewable under the public interest exception to the mootness doctrine. See *Whitten v. Whitten*, 292 Ill. App. 3d 780, 784, 686 N.E.2d 19, 22 (1997) (finding societal interest in protecting victims of domestic violence constitutes issue of public concern).

Turning to the merits of respondent's appeal, respondent contends the trial court abused its discretion in issuing the extended order of protection. We disagree.

■ The Act (750 ILCS 60/101 through 401 (West 1998)) provides for entry of (1) an emergency order of protection (750 ILCS 60/217 (West 1998)), (2) a 30-day interim order of protection (750 ILCS 60/218 (West 1998)), and (3) a plenary order of protection (750 ILCS 60/219 (West 1998)). A plenary order of protection shall issue if the trial court finds respondent abused any person protected under the order (750 ILCS 60/214(a) (West 1998)). Section 220(e) of the Act (750 ILCS 60/220(e) (West 1998)) provides a plenary order of protection may be extended on the basis of petitioner's motion or affidavit stating no material change in circumstance has occurred since the entry of the order. A trial court's exercise of discretion in issuing an order of protection or denying a request for an order of protection will not be overturned absent a clear abuse of discretion. *In re Marriage of Fischer*, 228 Ill. App. 3d 482, 489, 592 N.E.2d 604, 608 (1992). "An abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court." *Shields v. Fry*, 301 Ill. App. 3d 570, 573, 703 N.E.2d 921, 922 (1998).

■ In the present case, respondent argues the evidence did not suffice to support the extension of the order of protection because the original plenary order did not include sufficient findings. Specifically, respondent concedes he "agreed" to the original plenary order of protection, but he contends he did not "stipulate" to a factual basis of abuse. Respondent apparently concedes the validity of the original order but at the same time argues the order contains insufficient findings for it to be extended.

We reject respondent's interpretation of the initial order. Further, we find no abuse of discretion and presume, as did the trial court, the original plenary order of protection was properly entered upon a sufficient factual basis. Here, the trial court relied on the original plenary order of protection as the basis for the extension. We acknowledge the written order did not contain express findings. However, the parties' consent to the original plenary order of protection essentially conceded the factual basis necessary to support that order. Moreover, evidence of respondent's alleged violation of the original order lends further evidentiary support for the trial court's determination to extend that order. Accordingly, we find no abuse of discretion by the trial court on this point.

■ As a final matter, respondent contends the trial court erred in extending the original plenary order of protection at a time when that order had expired by its own terms. In support of this contention, re-

spondent cites the fact the extended order of protection was entered on October 28, 1998, at 2:20 p.m., and the original plenary order of protection expired that same morning at 9:20 a.m. We again reject respondent's contention.

Here, petitioner filed her motion to extend *prior* to the expiration of the original order and the matter was scheduled for hearing on the day of expiration. While a technical argument may be made the original order had expired at the time of extension, we find the minor lapse of time to be *de minimus*. We find no error on the part of the trial court in issuing an extended order at this time.

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

COOK, P.J., and STEIGMANN, J., concur.