# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Stapp v. Jansen, 2013 IL App (4th) 120513**

---

| | |
|---|---|
| Appellate Court Caption | MICHAELEA K. STAPP, Petitioner-Appellee, v. JEFFREY W. JANSEN, Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-12-0513 |
| Filed | April 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not err in granting plaintiff an extension of the plenary order of protection entered against her ex-boyfriend, notwithstanding the conflicting testimony as to whether he violated the order by continuing to contact her through Internet websites, since the trial court ruled in plaintiff's favor and the evidence supported the court's finding. |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 09-OP-50; the Hon. John C. Wooleyhan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on          Gerald L. Timmerwilke, of Blickhan, Timmerwilke, Woodworth &
Appeal              Larson, of Quincy, for appellant.

                    Michaelea K. Stapp, appellee *pro se*.


Panel               JUSTICE POPE delivered the judgment of the court, with opinion.
                    Presiding Justice Steigmann and Justice Knecht concurred in the
                    judgment and opinion.

**OPINION**

¶ 1    In May 2012, the trial court granted petitioner Michaelea K. Stapp's petition to extend a July 15, 2009, plenary order of protection against respondent, Jeffrey W. Jansen, her ex-boyfriend and the father of their child. The court found, *inter alia*, respondent had made multiple attempts to contact petitioner in violation of the original order of protection.

¶ 2    Respondent appeals, arguing the trial court erred in granting the extension of the plenary order of protection where petitioner presented insufficient evidence to justify the extension. We affirm.


¶ 3                              I. BACKGROUND

¶ 4    On July 15, 2009, the trial court issued a plenary order of protection against respondent relating to allegations respondent was harassing and stalking petitioner. On May 11, 2011, petitioner filed a motion to extend the plenary order of protection, alleging there had been no material change in circumstances since the original order issued.

¶ 5    During the March 21, 2012, hearing on the petition to extend, Quincy police officer David Distin testified he was assigned to investigate a complaint by petitioner regarding respondent's violation of an order of protection. According to Distin, petitioner informed him she had received a message from respondent on an Internet dating website called "plentyoffish.com" (Plentyoffish). Petitioner reported she checked her account just after midnight on November 17, 2009, and found she had received a message bearing respondent's picture with the username, "Sotoris." That message contained a picture of a dog in a cardboard box. Screen shots of the message were introduced into evidence as exhibit Nos. 2-A, 2-B, and 2-C. The message associated with the picture stated, "marinepanther2 has used some points and bought you this gift!!" According to petitioner, "Sotoris" and "Marine Panther" were names used by respondent.

¶ 6    After petitioner gave Distin screen shots of the November 17, 2009, message, Distin conducted a prearranged interview of respondent at his attorney's office. Distin testified he viewed respondent's Plentyoffish account on respondent's smartphone and did not find any

messages to petitioner. However, Distin testified respondent had been operating his phone during the interview before Distin checked his account. During the interview, Distin never operated or held the phone himself. Distin testified he understood an individual could delete messages from an email account and asked respondent if he had done so. Respondent denied deleting any correspondence with petitioner.

¶ 7    Petitioner testified respondent had contacted her numerous times on the Internet. In addition to sending her the picture of the dog, petitioner testified respondent also sent her a message through the Plentyoffish website, which read "hi." Petitioner testified a Plentyoffish user could delete messages sent from his or her account. According to petitioner, she never invited respondent to contact her through the dating website. Petitioner testified respondent also made contact with her through MySpace and Facebook. According to petitioner, respondent contacted her using the usernames Maine Street Tap, Jeff160, Marine Panther, and Sotoris. Petitioner testified she knew it was respondent contacting her because his picture was associated with the user name. Petitioner also testified respondent attempted to call her on the telephone. While at the time she did not know it was respondent calling, she discovered it was him when he later called her father's business and left a voice message explaining it was his new phone number.

¶ 8    Respondent testified he and petitioner had a child together. Respondent denied contacting petitioner through Plentyoffish. He also denied ever sending petitioner any MySpace or Facebook "friend" requests. While respondent denied using the "Sotoris" username by itself, he admitted having a "Sotoris2000" email address. Respondent denied ever using the "Marine Panther" username. Respondent admitted using variations of "Maine Street Tap" because of a business he used to have called "Maine Street Tap." However, respondent denied contacting petitioner using that name. According to respondent, the MySpace page associated with the "Maine Street Tap" name was shut down after the business closed in August 2007. Respondent also testified the only times he called petitioner was to arrange visitation with their daughter, which was permitted under the order of protection.

¶ 9    Craig Hall testified on respondent's behalf. According to Hall's testimony, he had testified in two or three other cases and had been certified as a computer expert in a previous case. Respondent hired Hall to review the documents petitioner submitted, *i.e.*, exhibit Nos. 2-A, 2-B, and 2-C. Hall testified he was skeptical of their authenticity. While Hall testified respondent could have created the accounts petitioner alleged respondent contacted her through, Hall opined several of the documents had been tampered with. Hall testified he believed exhibit Nos. 2-A, 2-B, and 2-C had been "doctored, falsified[,] or fabricated."

¶ 10    Petitioner was called in rebuttal and testified she had no formal computer training and did not "doctor" any Facebook, MySpace, or any other social media accounts to assume a false identity. Petitioner testified, in preparing the documents, all she did was press the print button on the computer. At the conclusion of the hearing, the trial court stated it would take the matter under advisement.

¶ 11    In its detailed May 4, 2012, order, the trial court found the following:

"1. The court has had the opportunity to observe all the witnesses who testified, and to determine the weight and credibility to be assigned to each of them.

2. The court has examined all of the exhibits which were admitted herein.

3. The court has reviewed the Plenary Order of Protection ordered herein on July 15, 2009.

4. Pursuant to 750 ILCS 60/220(e), the court finds that the petitioner has proven by a preponderance of the evidence that the respondent has made multiple attempts to contact her while the Plenary Order of Protection has been in effect; that said attempt[s] at contacts have been in violation of the restrictions in said order of protection; and that the petitioner has shown good cause for an extension of said order of protection.

5. Pursuant to the above findings, the Plenary Order of Protection herein is extended to July 7, 2013."

¶ 12 This appeal followed.

¶ 13                                 II. ANALYSIS

¶ 14 We initially note petitioner, as appellee, has not filed a brief in this appeal. While a reviewing court is not compelled to serve as an advocate for the appellee and is not required to search the record for the purpose of sustaining the trial court's judgment, "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976). Here, respondent argues on appeal the trial court erred by extending the plenary order of protection. Specifically, respondent contends the evidence was insufficient to support a finding he made multiple attempts to contact petitioner. Respondent's claim can be resolved on this record.

¶ 15 Section 220(e) of the Illinois Domestic Violence Act of 1986 (Act) (750 ILCS 60/220(e) (West 2010)) provides a plenary order of protection may be extended one or more times, as required, provided the requirements of section 219 of the Act are satisfied. 750 ILCS 60/220(e) (West 2010). In turn, section 219 of the Act requires (1) service of notice of a hearing for extension on the respondent and (2) the petitioner satisfy the remedy requirements of section 214 of the Act (750 ILCS 60/214 (West 2010)). 750 ILCS 60/219 (West 2010). Section 214 of the Act sets forth, in pertinent part, the various remedies and what a petitioner must show to obtain an order of protection. 750 ILCS 60/214(b) (West 2010). If a petitioner shows she was abused within the meaning of the Act by a preponderance of the evidence, the trial court shall issue an order of protection. 750 ILCS 60/214(a) (West 2010). If these provisions are satisfied, the trial court can extend the order of protection. (We note both the court and counsel referred to the language "no material change in circumstances has occurred since the entry of the order." However, this language applies when petitioner seeks an uncontested extension of the order and allows the court to extend the order without the necessity of testimony. It has no application to the situation here because the extension was contested.)

¶ 16 This court has previously reviewed a trial court's extension of an order of protection for an abuse of discretion. See *Lutz v. Lutz*, 313 Ill. App. 3d 286, 289, 728 N.E.2d 1234, 1237 (2000). However, the supreme court has since clarified such findings made under the Act

should be reviewed under the manifest-weight-of-the-evidence standard of review. See *Best v. Best*, 223 Ill. 2d 342, 349-50, 860 N.E.2d 240, 244-45 (2006) (explicitly overruling *In re T.H.*, 354 Ill. App. 3d 301, 820 N.E.2d. 977 (2004), a plenary order of protection case citing *Lutz* for the abuse of discretion standard). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or where a decision is unreasonable, arbitrary, and not based on any evidence." *Quinlan v. Stouffe*, 355 Ill. App. 3d 830, 836, 823 N.E.2d 597, 602 (2005). We note, for the reasons that follow, the trial court did not err in granting the extension under either standard of review.

¶ 17      We defer to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses. *Best*, 223 Ill. 2d at 350, 860 N.E.2d at 245. Where a conflict in the witnesses' testimony exists, a reviewing court will not substitute its judgment for that of the trier of fact, whose function it is to determine the credibility of the witnesses' testimony and the inferences to be drawn therefrom. *Best*, 223 Ill. 2d at 350-51, 860 N.E.2d at 245. A reviewing court should not overturn a trial court's finding of fact merely because it might have reached a different decision. *Bazydlo v. Volant*, 164 Ill. 2d 207, 214, 647 N.E.2d 273, 276 (1995).

¶ 18      In this case, petitioner testified respondent had made contact with her through Plentyoffish, MySpace, and Facebook. According to petitioner, respondent contacted her using the usernames Maine Street Tap, Jeff160, Marine Panther, and Sotoris. Petitioner testified she knew it was respondent contacting her because respondent's picture was associated with each name. Petitioner presented evidence she received a message through Plentyoffish from a user named "Sotoris." While respondent denied ever using the username "Sotoris," he admitted having a "Sotoris2000" email address. Further, the message associated with the picture received through her Plentyoffish account stated, "marinepanther2 has used some points and bought you this gift!!" Petitioner testified "Marine Panther" was a name used by respondent. However, respondent denied using the "Marine Panther" name.

¶ 19      Respondent presented testimony from Hall, who opined several of the documents used as exhibits were tampered with. However, the trier of fact is not required to accept an expert's conclusion. *Jackson v. Seib*, 372 Ill. App. 3d 1061, 1071, 866 N.E.2d 663, 674 (2007) (citing *Zavala v. Powermatic, Inc.*, 167 Ill. 2d 542, 545, 658 N.E.2d 371, 373 (1995)). In response to Hall's testimony, petitioner testified she did not tamper with any of the documents. According to petitioner, she "created" the documents by pressing the computer's print button. The court heard the expert's testimony and apparently afforded it little weight in comparison to petitioner's testimony. As stated, we will not substitute our judgment for that of the trier of fact in the area of witness credibility. *Best*, 223 Ill. 2d at 350-51, 860 N.E.2d at 245.

¶ 20      In sum, both petitioner and respondent testified in this case. Petitioner maintained respondent had made multiple attempts to contact her. Respondent denied petitioner's allegations. While the parties presented conflicting testimony, the trial court resolved the issues in petitioner's favor. The evidence presented was sufficient to support the court's finding. Thus, the court did not err in granting an extension of the plenary order of protection.

¶ 21                              III. CONCLUSION

¶ 22        For the reason's stated, we affirm the trial court's extension of the plenary order of
protection.

¶ 23        Affirmed.