2017 IL App (3d) 160070

Opinion filed January 12, 2017

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2017

| | | |
|---|---|---|
| ERIN LYNN, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Petitioner-Appellee, | ) | Peoria County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-16-0070 |
| | ) | Circuit No. 16-OP-48 |
| | ) | |
| ADRIAN BROWN, | ) | Honorable |
| | ) | Suzanne Patton, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice Schmidt specially concurred, with opinion.
Justice McDade dissented, with opinion.

**OPINION**

¶ 1       Respondent, Adrian Brown, appeals from the trial court's entry of a plenary order of

protection. Brown argues the court erred in entering the plenary order of protection because he

was not allowed to present evidence at the hearing that led to the order. We affirm.

¶ 2                                 FACTS

¶ 3       On January 15, 2016, petitioner, Erin Lynn, filed a petition for an order of protection

against respondent. The petition alleged that Lynn and Brown had a dating relationship and a

child together. In the description of the incident that led to the petition, Lynn stated that Brown

had sent aggressive and threatening text messages for approximately one week. Eventually, Lynn allowed Brown to have visitation with the parties' child provided that Brown ceased the aggressive behavior. When Brown arrived to retrieve the child, he and Lynn argued. The argument escalated and Brown forced Lynn to the ground. While Brown held Lynn in a choke hold, Brown instructed his friend to take the child to his vehicle. Lynn also alleged that Brown was abusive and she had ended her three-year relationship with Brown to protect the parties' child. Following the filing of the petition, the court entered an emergency order of protection against Brown.

¶ 4        On February 1, 2016, the court entered a plenary order of protection. In the written order, the court made the following findings: venue was proper; Brown had abused Lynn and/or the child; the conduct or actions of Brown, unless prohibited, will likely cause irreparable harm or continued abuse; and it was necessary to grant the requested relief to protect Lynn. The plenary order prohibited Brown from further acts or threats of abuse against Lynn and the child and ordered Brown to stay at least 300 feet away from Lynn and the child. The plenary order of protection was ordered to remain in effect until January 31, 2018. The order also documented that Lynn and Brown appeared in court at the time the order was entered. On the same date, the parties were ordered to participate in mediation to resolve visitation, scheduling, transportation and location issues. The mediation review was ordered for February 17, 2016.

¶ 5        On February 17, 2016, after the filing of the February 3, 2016, notice of appeal, the parties entered an agreed order for visitation. The order provided for three visitations per week and included overnight stays. The order stated that Frank Carrillo would transport the child for parenting time, and the parties agreed to communicate through Carrillo. The parties also agreed to share parenting time on major holidays. The visitation agreement and order of February 17,

2016, stated that it was "made a part of the plenary order of protection" entered February 1, 2016.

¶ 6                                      ANALYSIS

¶ 7        Brown argues the court erred in entering the plenary order of protection because he was not allowed to present evidence that established that he was not the aggressor in the January 2016 incident. Brown also expresses concern that the plenary order of protection will prevent him from having a relationship with the parties' child. Lynn has not filed a brief, however, we elect to decide the merits of the appeal because the record is simple and the claimed errors can easily be decided without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 8        We review the trial court's issuance of a plenary order of protection for an abuse of discretion. *Lutz v. Lutz*, 313 Ill. App. 3d 286, 289 (2000). A trial court abuses its discretion only where no reasonable person would take the view adopted by the court. *Id.*

¶ 9        Initially, we note that our review of the record is limited as Brown did not file a transcript of the order of protection hearing and the common law record does not include the docket entries, which would summarize the in-court proceedings. Therefore, we resolve any doubts arising from the incompleteness of the record against Brown, and we presume that the order entered by the trial court conformed to the law and had a sufficient factual basis. *People v. Carter*, 2015 IL 117709, ¶ 19; *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 10       The allegations in the petition established that Lynn and Brown had a contentious relationship that culminated in a January 2016 incident of domestic violence. The court appeared to base its initial decision to enter the emergency order of protection on these allegations. Because we do not have a report of the proceedings, we must presume that the court's

3

subsequent plenary order of protection conformed to the law and had a sufficient factual basis. *Carter*, 2015 IL 117709, ¶ 19; *Foutch*, 99 Ill. 2d at 391-92. Finally, we note that Brown's concern that the order of protection will prohibit him from seeing his child is addressed by the parties' agreed visitation order that allows Brown three opportunities for visitation per week, including overnight stays and additional time on holidays.

¶ 11                                    CONCLUSION

¶ 12        For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 13        Affirmed.

¶ 14        JUSTICE SCHMIDT, specially concurring.

¶ 15        Appellant has the burden to prove that the trial court erred. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1173 (2008) ("Defendant's failure to file a brief does not require automatic reversal, and plaintiff continues to bear the burden of establishing error."). He has failed to do so. Without a transcript of the hearing or a bystander's report, we have no idea whether the trial court erred. In light of appellant's brief, it is no surprise that appellee filed no brief. With or without an appellee's brief, appellant clearly failed to meet his burden. By affirming, we are not saying we believe the trial court did everything exactly right (it may or may not have). We are saying that appellant failed to establish any reversible error. Contrary to the dissent, I find nothing unusual about that.

¶ 16         JUSTICE McDADE, dissenting.

¶ 17        I respectfully dissent from the majority's analysis and conclusion. I find that the combined omission of the appellee's brief and insufficiency in the record necessarily renders this case undecidable. Therefore, I would dismiss the appeal.

4

¶ 18      The analysis of a case on appeal is founded on the premise that the proceedings are inherently adversarial and require the participation of two parties with opposing viewpoints. Illinois Supreme Court Rule 341 (eff. Jan. 1, 2016) provides the requirements for the filing of an appellant's brief, appellee's brief, and reply brief. Inherent within Rule 341 is the presumption that both parties shall file briefs that, respectively, raise an issue with the lower court's ruling and advocate for the correctness of the ruling. Where the appellee elects not to file a brief, the temptation arises to construe the appellee's omission as a waiver of the counter argument and reverse the trial court's judgment. See *Country Mutual Casualty Co. v. Van Duzen*, 351 Ill. App. 112, 116-17 (1953) (even though appellee did not fulfill their duty to either file a brief that raised a meritorious defense or confess error, the court was still required to consider the merits of the case). Such a *pro forma* reversal would clearly be inappropriate as it permits the judgment of the trial court to be set aside without some consideration of the merits of the appeal. *Talandis*, 63 Ill. 2d at 131. In response to this situation, the supreme court crafted a narrow exception that allows a court of review to consider a single-briefed proceeding without assuming an advocatory role. See *Talandis*, 63 Ill. 2d at 133. Where an appellee does not file a brief, a court of review may decide the case on the merits "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief." *Id.* However, the supreme court has warned "[w]e do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court." *Id.*

¶ 19      The resolution of the present case turns on the applicability of the *Talandis* exception. I find that Brown's *pro se* claims of error are unclear and the record cannot be characterized as

"simple," and therefore, the exception does not apply. In this general situation, I believe the only viable option is to dismiss the appeal.

¶ 20    Brown generally argues that the court erred when it entered the plenary order of protection because he was not allowed to present evidence in support of his case. However, Brown does not cite to anything in the record which supports his position. Likely, Brown's lack of support is the result of his failure to file the report of proceedings for the hearings that led to the entry of the plenary order of protection. When faced with this omission, the majority turns to the familiar presumption that, given an insufficiency in the record, the court of review presumes the lower court acted correctly. *Supra* ¶ 10. I find that, given the particulars of this case, this presupposition is inapplicable. Without an appellee's brief, the application of this presumption impermissibly thrusts this court into the role of an advocate for Lynn as we are forced to "search the record," or as in this case, omission in the record, for a reason to affirm the judgment. See *id.* Moreover, the *Talandis* exception is premised on the presumption that the record is simple and the claims of error are such that they may be readily decided without the aid of an appellee's brief. Neither of these prerequisites is satisfied in this case. The record is complicated by the omitted transcripts, and Brown's claims of error are unclear. Given these issues, I find that *Talandis* does not provide grounds for us to affirm the judgment of the trial court. Rather, this appeal is "incomplete" in that it lacks an appellee's brief and adequate record. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 341 (eff. Jan. 1, 2016). Therefore, I find that we are without grounds to enter a ruling on the merits and dismissal of the appeal is the appropriate resolution.