2019 IL App (2d) 190567-U
Nos. 2-19-0567 & 2-19-0572 Cons.
Order filed November 13, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ELIZABETH WAGNER, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| Petitioner-Appellee, | ) ) ) | |
| v. | ) ) | Nos. 17-OP-2089 |
| | ) | 18-OP-223 |
| | ) | |
| DANIEL OWINGS, | ) ) | Honorable Steven L. Nordquist, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Presiding Justice Birkett and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not grant the extensions of the emergency orders of protection in open court as required by section 220(e) Illinois Domestic Violence Act of 1986 (750 ILCS 60/220(e) (West 2018)). Therefore, we reversed and remanded.

¶ 2    Respondent, Daniel Owings, appeals *pro se* from the trial court's orders granting extensions to emergency orders of protection issued in favor of petitioner, Elizabeth Wagner, and the parties' daughter, A.O.  Respondent argues that the emergency orders expired on their own terms and that the extensions did not satisfy the statutory requirements of the Illinois Domestic Violence Act of 1986 (Domestic Violence Act or Act) (750 ILCS 60/101 *et seq.* (West 2018))

because, among other things, the trial court did not grant the extensions in open court. We agree with respondent that the extensions were invalid because, contrary to section 220(e) of the Act (750 ILCS 60/220(e) (West 2018)), they were not granted in open court. We therefore reverse and remand.

¶ 3                                     I. BACKGROUND

¶ 4      The parties were once a couple, and their daughter, A.O., was born on October 1, 2011. Petitioner filed a parentage case in 2016, which is not directly at issue in this appeal. On October 30, 2017, petitioner filed a petition for an order of protection against respondent in case 17-OP-2089, with petitioner as the protected party. The trial court entered an *ex-parte* emergency order of protection that day. On February 1, 2018, petitioner filed a motion for judgment on the pleadings in which she sought a plenary order of protection.

¶ 5      On February 7, 2018, petitioner filed a petition for an order of protection against respondent in case 18-OP-223, which named A.O. as the protected party. The same day, the trial court entered a separate *ex-parte* emergency order of protection. On March 6, 2019, petitioner filed a motion for a default judgment on her petition in case 18-OP-223.

¶ 6      The emergency orders of protection were extended at various times, and on April 9, 2019, the trial court entered orders extending them to May 10, 2019. It further set a status hearing on the emergency orders of protection for that day. It entered a separate order setting a rule to show cause for a status hearing on the same day.

¶ 7      According to a report of proceedings from May 10, 2019, after discussing some issues in the cases, the trial court asked, "What other issues for today are we gonna deal with?" Petitioner's counsel responded:

"There's a motion for default judgment, the February 7th, 2018, OP. 2018 OP 223 has not been responded to; I believe he's in default for want of an answer. Under 2-13 Illinois Code of Civil Procedure [*sic*], there's also a motion for judgment on the pleadings concerning the ex parte order of protection issued under 2017 OP 2089. Mr. Owings filed a declaration, an extensive declaration."

Counsel asked that a plenary order be entered in 17-OP-2089 and a motion for default be entered in 18-OP-223.

¶ 8 Respondent stated that none of those motions were scheduled or noticed for that day. Petitioner's counsel replied that he thought they were doing procedural motions at the hearing. Respondent said that the only thing noticed was for the guardian *ad litem*'s petition. The trial court stated that the hearing was set for status on a mental health evaluation and a rule to show cause. It stated that there would be a hearing on the rule to show cause and the motion for judgment on the pleadings on May 31, 2019, and it entered a written order to this effect. The expiration of the orders of protection was not mentioned in the report of proceedings.

¶ 9 The record contains written orders dated May 10, 2019, that purport to extend the orders of protection to May 31, 2019, with a status hearing on the orders of protection set for that day. The orders contain handwritten file dates of May 13, 2019.

¶ 10 At the May 31, 2019, hearing, respondent asked for leave to file a motion to vacate the extension orders that were entered on May 13.[1] He argued that at the time the orders were entered, the emergency orders of protection had expired, there was no motion for a continuance, and the

---

[1] The trial court had previously ordered that respondent obtain leave from the court before filing documents.

orders were not entered in open court as required by the Domestic Violence Act. Petitioner's counsel responded that the orders "were prepared but not tendered." Counsel stated that he was in another courtroom for a pre-trial conference before a different judge and that respondent left "before [counsel] got the orders to, to the court." The trial court asked respondent if he left before the orders were tendered. Respondent replied in the negative and said that after the hearing was over, he waited in the lobby for 45 minutes for the orders that were entered to be tendered and then left. He stated that the courtroom was locked at that time. The trial court denied respondent's request for leave to file a motion to vacate.

¶ 11    The trial court extended the orders of protection to July 12, 2019. At a hearing that day, respondent repeated his assertion that the emergency orders of protection expired on May 10, 2019. Petitioner's counsel disagreed, stating that there "was an extension granted *nunc pro tunc*."

¶ 12    Respondent timely appealed from the two orders filed on May 13, 2019, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). See *In re Marriage of Padilla*, 2017 IL App (1st) 170215, ¶¶ 17-18 (initial emergency order of protection and each order extending the emergency order of protection were injunctive orders). On this court's own motion, we consolidated the appeals for purposes of decision.

¶ 13                                    II. ANALYSIS

¶ 14    We first address the parties' arguments asserting that the other party has violated Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) by omitting and/or misrepresenting facts. We note that portions of both parties' statement of facts are argumentative, in violation of Rule 341(h)(6), which provides that the facts must be "stated accurately and fairly without argument or comment." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). We remind petitioner's counsel and respondent that

our supreme court's rules governing appellate briefs are mandatory (*Estate of Black v. Black*, 2019 IL App (1st) 181452, ¶ 11), and we will disregard any offending portions of the facts.[2]

¶ 15    Respondent argues that the trial court erred in extending the emergency orders of protection because the undisputed evidence in the case establishes that the orders expired of their own terms on May 10, 2019. He also argues that the record is devoid of any petition, motions, or affidavit for an extension of the orders before May 10, 2019.

¶ 16    Respondent highlights that under the Domestic Violence Act, emergency orders of protection are effective for not less than 14 days nor more than 21 days. 750 ILCS 60/220(a)(1) (West 2018). They may be extended as follows:

"Any emergency, interim or plenary order may be extended one or more times, as required, provided that the requirements of Section 217, 218 or 219, as appropriate, are satisfied. If the motion for extension is uncontested and petitioner seeks no modification of the order, the order may be extended on the basis of petitioner's motion or affidavit stating that there has been no material change in relevant circumstances since entry of the order and stating the reason for the requested extension. An extension of a plenary order of protection may be granted, upon good cause shown, to remain in effect until the order of

---

[2] We similarly disregard the arguments that respondent implicitly raises within his statement of facts. We also do not address the arguments that respondent raises for the first time in his reply briefs (see Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("[p]oints not argued [in the opening brief] are forfeited and shall not be raised in the reply brief")), including his arguments that petitioner filed various pleadings for an improper purpose, contrary to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018).

protection is vacated or modified. Extensions may be granted only in open court and not under the provisions of subsection (c) of Section 217, which applies only when the court is unavailable at the close of business or on a court holiday." 750 ILCS 60/220(e) (West 2018).

Respondent argues that on the date that the emergency orders of protection were set to expire, the trial court held a status hearing at which petitioner did not request to extend the emergency orders of protection. Respondent maintains that nothing in the Act suggests any way to extend an order of protection subsequent to the order's expiration date, and that we should decline to read a tolling provision into the Act.

¶ 17    Respondent contends that the situation here is readily distinguishable from that in *Lutz v. Lutz*, 313 Ill. App. 3d 286 (2000). There, a plenary order of protection was set to expire on October 28, 1998, at 9:20 a.m. However, the trial court entered an extension order on that date at 2:20 pm. *Id.* at 289-90. The respondent argued that the trial court erred in extending the original plenary order of protection at a time when it had expired by its own terms. *Id.* at 289. The appellate court disagreed, reasoning:

> "[The] petitioner filed her motion to extend *prior* to the expiration of the original order and the matter was scheduled for hearing on the day of expiration. While a technical argument may be made the original order had expired by the time of the extension, we find the minor lapse of time to be *de minimus*. We find no error on the part of the trial court in issuing an extended order at this time." (Emphasis in original.) *Id.* at 290.

Respondent argues that the three-day delay in this case is not *de minimus* like the five-hour gap in *Lutz*.

¶ 18    Respondent further argues that in *Lutz* the petitioner filed her motion to extend before the expiration of the original order and the matter was scheduled for a hearing on the day of expiration, whereas here petitioner never requested an extension of the order. Respondent argues that a motion or affidavit must be filed explaining why the order should be extended, and a notice of the hearing must be served upon the respondent. See 750 ILCS 60/220(e) (West 2018) ("If the motion for extension is uncontested and petitioner seeks no modification of the order, the order may be extended on the basis of petitioner's motion or affidavit stating that there has been no material change in relevant circumstances since entry of the order and stating the reason for the requested extension.")

¶ 19    Respondent argues that *Lutz* is also distinguishable because there the extension was granted in open court. Respondent points out that section 220(e) of the Act states that "[e]xtensions may be granted only in open court." 750 ILCS 60/220(e) (West 2018). Respondent argues that having received no notice of a hearing on this matter, he was not present when the extension orders were entered on May 13, 2019. He maintains that he later attempted to obtain a transcript from that date but was told that there was nothing in front of the trial court that day in these cases. Respondent argues that all available evidence indicates that the extension orders were granted on May 13, 2019, and were not granted in open court.

¶ 20    Respondent additionally argues that the trial court erred in extending the emergency orders of protection because it failed to make the factual findings required by section 214 of the Act (750 ILCS 60/214 (West 2018). Respondent notes that section 220 of the Act states that an emergency order of protection may be extended "provided that the requirements of Section 217, 218 or 219, as appropriate, are satisfied." 750 ILCS 60/220(e) (West 2018). Section 217 of the Act (750 ILCS 60/217 (West 2018)) states that an emergency order of protection "shall issue" if, among other

things, the requirements of section 214 are satisfied. Under section 214, when issuing an *ex parte* emergency order of protection, the court may either make certain factual findings or examine the petitioner on oath or affirmation. 750 ILCS 60/214(c)(4) (West 2018).

¶ 21    Respondent maintains that this case is similar to *Hedrick-Koroll v. Bagley*, 352 Ill. App. 3d 590, 593 (2004), where the appellate court stated that there was no indication in the record that the trial court made any findings or examined the petitioner under oath or affirmation before issuing an emergency order of protection. The appellate court further found that there was similarly no indication that the trial court made the necessary findings upon issuing the plenary order of protection. *Id.* at 594. The appellate court remanded the cause for the trial court to make the required findings. *Id.* Respondent argues that here, the multiple errors in granting the extension are so overwhelming that the extension orders and all subsequent orders must be declared void *ab initio*.

¶ 22    Petitioner counters that, contrary to respondent's representations, the extension orders were signed by the trial court on May 10, 2019, "after a status hearing in open court." Petitioner maintains that her attorney was delayed by a pretrial conference before a different judge, and the courtroom was locked when he returned "to enter the extension order[s] ***." Petitioner argues that the signed orders were therefore not entered until the following court day on May 13, 2019.[3]

¶ 23    Petitioner asserts that respondent is attempting to take advantage of a loophole that he created, in part, by misrepresenting to the trial court that the emergency orders of protection were not set for a hearing on May 10, 2019, when in fact they were. Petitioner notes that the very same

_____

[3] May 10, 2019, was a Friday, and May 13, 2019, was a Monday.

orders that respondent relies on to assert the expiration date of the emergency orders of protection are the same orders that set the matter for a hearing on May 10, 2019.

¶ 24    According to petitioner, the delay in entering the signed orders was a mistake that was essentially a scrivener's error. Petitioner highlights that the Domestic Violence Act is to be liberally construed and applied to promote its underlying purposes, which include supporting the efforts of victims of domestic violence to avoid further abuse and reducing the abuser's access to the victim (750 ILCS 60/102(4) (West 2018)), and to expand the victim's civil and criminal remedies (*id.* § 102(6)). She argues that she should not have the Act's protections stripped away from her for an error that is tantamount to a scrivener's error and that was caused, at least in part, by respondent.

¶ 25    Petitioner further argues that the delay in entering the orders extending the emergency orders of protection was *de minimus*, as in *Lutz*. She argues that the emergency orders of protection were set for a hearing on May 10, 2019, and that the record is clear that she had been seeking a plenary hearing on the orders of protection since they were entered. Petitioner maintains that the reason the extension orders did not enter on May 10, 2019, when the trial court signed them, was due solely to her attorney's delay in another courtroom. Petitioner argues that during that period, respondent noted that the courtroom was locked, and left. Petitioner argues that her counsel immediately had the order entered on the following court business day.

¶ 26    Petitioner asserts that, contrary to respondent's argument, nothing in the Act requires a protected party to file a written petition to extend an emergency order of protection, nor does it require an affidavit that no material change in circumstances has occurred. Petitioner agrees that an order of protection can be extended only in open court, but she argues that the trial court signed the extension order after the hearing in open court at which respondent was present on May 10,

2019. She points out that the trial court specifically entered a written order on May 10, 2019, that May 31, 2019, would be the hearing date for the motion for default and motion for judgment on the pleadings, among other things. Petitioner argues that respondent presents no evidence that the extension orders were not granted in open court; petitioner maintains that respondent is not entitled to have the issue reversed on appeal without presenting a record that supports his claim that the trial court erred. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the appellant has the burden to provide a sufficiently complete record of the trial proceedings to support his claims of error, and we must resolve any doubts arising from the lack of a complete record against the appellant, including presuming that the trial court's order was entered in conformity with the law and had a sufficient factual basis). Petitioner argues that because the record does not show what occurred when the May 13, 2019, orders were entered, or the basis for the orders, we must presume that the trial court followed the law and had a sufficient factual basis for the entry of its order.

¶ 27    Respondent argues in his reply briefs that the hearing on May 10, 2019, was a status hearing on the emergency orders of protection, rather than a hearing on the petitions themselves. He argues that at that hearing, he accurately informed the trial court of his understanding of the matters which had been set for a hearing that day, which was informed by the orders entered on April 9, 2019. Respondent maintains that petitioner's counsel did not object to his stated understanding. Respondent argues that petitioner advances absurd assertions that everyone was relying on a *pro se* litigant's statements as to what matters were set for a hearing; that her counsel had the trial court sign the extension orders but then removed them from the courtroom before they were filed; and that counsel could not file them with the clerk's office or in any other manner after determining that the courtroom was locked. Respondent additionally argues that even if the trial court signed

the extension orders on May 10, 2019, it had not granted the extensions during the hearing, rendering its act of signing and entering the orders void *ab initio*.

¶ 28    Respondent additionally argues that petitioner's attorney's statement on July 12, 2019, that the extension orders were granted *nunc pro tunc* is contradictory to petitioner's current argument but consistent with respondent's position that the extensions were granted on May 13, 2019. Respondent argues that, however, a *nunc pro tunc* order may not be used to supply omitted judicial action or correct judicial errors under the pretense of correcting clerical errors.

¶ 29    We begin by discussing the applicable standard of review, which the parties dispute. Respondent argues whether the emergency orders of protection expired on their own terms on May 10, 2019, is a matter of statutory interpretation, which we review *de novo*. See *Sperl v. Henry*, 2018 IL 123132, ¶ 23 (the construction of a statute presents a question of law that we review *de novo*). Petitioner argues that the standard of review in interlocutory appeals such as this one is whether the trial court abused its discretion in granting or denying the relief requested. See *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1189 (2000). As we resolve this appeal based on interpreting the Domestic Violence Act, we apply *de novo* review. In construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, which is best indicated by the statute's language, when given its plain and ordinary meaning. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 24.

¶ 30    After carefully reviewing the record, we agree with respondent's argument that the orders extending the emergency orders of protection dated May 10, 2019, and entered on May 13, 2019, are invalid because they were not granted in open court. Section 220(e), which sets forth the procedures that must be followed to extend orders of protection, plainly states that "[e]xtensions may be granted only in open court." 750 ILCS 60/220(e) (West 2018). "Open court" is defined as

(1) a court that is in session and engaged in judicial business, presided over by a judge and attended by the parties and their attorneys, and (2) a court session that the public may attend. *People v. Gore*, 2018 IL App (3d) 150627, ¶ 24 (citing Black's Law Dictionary 1263 (10th ed. 2014)). The report of proceedings contains no mention of the trial court being asked to consider extending the emergency orders of protection at the hearing on May 10, 2019. Additionally, petitioner's counsel later admitted that the orders "were prepared but not tendered," that counsel went to another courtroom after the hearing for another matter, and that respondent left "before [counsel] got the orders to, to the court." Considering respondent's statement that he waited for 45 minutes after the hearing for copies of the orders that were tendered and that the courtroom was locked when he left, the only reasonable inference is that the trial court signed the orders outside of its formal proceedings. Given that the subject of the extension of the emergency orders of protection was not even raised at the May 10, 2019, hearing, the trial court's grant of the extensions that day outside of its formal proceedings violates section 220(e)'s "open court" requirement. As a result, those orders as well as all subsequent extensions of the orders of protection are not valid.

¶ 31    We note that petitioner's counsel's reference to the orders being entered "*nunc pro tunc*" cannot remedy this deficiency, as *nunc pro tunc* orders incorporate into the record judicial actions taken by the court that were inadvertently omitted due to clerical error. *People v. Melchor*, 226 Ill. 2d 24, 32 (2007). The procedure may not be used to supply judicial action that did not take place or correct judicial errors under the pretense of correcting clerical errors. *Id.* at 32-33. Accordingly, because the trial court did not timely grant the extensions in open court, it could not have later corrected this error through an order entered *nunc pro tunc*.

¶ 32    Petitioner's reliance on *Foutch* for a contrary result is also not persuasive. That is, as the record indicates that the orders of extensions were signed outside of open court, there would be no

other trial court records that respondent could present on appeal to shed additional light on this subject. *Cf. Hedrick-Koroll*, 352 Ill. App. 3d at 593 (appellate court stated that it would be unfair to resolve any doubts arising from the incomplete record against the respondent, where he unsuccessfully attempted to obtain the missing transcript from the circuit court clerk, and he was not present during the hearing on the *ex parte* emergency order of protection).

¶ 33 We further reject petitioner's argument that respondent is to blame because he misrepresented to the trial court that the emergency orders of protection were not set for a hearing on May 10, 2019. Petitioner is essentially relying on the doctrine of invited error, under which a party cannot complain of error which the party induced the court to make, or to which the party consented. *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 43. As respondent points out, it would be, at best, highly unlikely that petitioner's counsel, the trial court, and the guardian *ad litem* would rely on a *pro se* litigant's statements as to what matters were before the trial court that day. Additionally, the report of proceedings shows that petitioner's counsel and the trial court both commented on what they thought was set for a hearing that day, affirmatively showing that they were not relying on respondent's representations. Moreover, as the party seeking extensions of the emergency orders of protection, it was petitioner's responsibility to ensure that they were addressed and ruled upon during the hearing.

¶ 34 Based upon our determination that the orders of extension signed on May 10, 2019, are invalid because they were not granted in open court, we need not address respondent's alternative arguments challenging the orders.

¶ 35 Last, we note that our holding that the emergency orders of protection expired does not equate to the trial court losing jurisdiction over petitioner's request for plenary orders of protection. See *Scheider v. Ackerman*, 369 Ill. App. 3d 943 (2006) ("Nothing in the law causes a trial court to

lose jurisdiction over an order of protection proceeding before it rules on the petitioner's entitlement to a plenary order.") Similarly, nothing in our decision precludes petitioner from seeking new emergency orders of protection.

¶ 36                                    III. CONCLUSION

¶ 37     For the reasons stated, we reverse the judgment of the Winnebago County circuit court and remand for further proceedings.

¶ 38     Reversed and remanded.