The People of the State of Illinois, Plaintiff-Appellee, v. Alice J. McDonald, Defendant-Appellant.

Gen. No. 64-37.

Fifth District.
October 19, 1964.

William E. Hall, of Centralia, for appellant.

William A. Miller, State's Attorney, of Salem, for plaintiff-appellee.

REYNOLDS, J.

Defendant-Appellant Alice J. McDonald was indicted for embezzlement at the January Term of the Circuit Court of Marion County. She pleaded guilty and was placed on probation on March 16, 1961, the probation order providing for probation for a period of three years from the 24th day of February 1961, under the usual statutory conditions, namely, that probationer do not violate any criminal law of the State of Illinois, or any ordinance of any municipality of the State during the term of her probation; that she not leave the State without consent of court; that she make report once a month and appear before the court in person on the first day of each term of court during said period of probation. Further conditions were that she enter into bond to perform the conditions imposed, make restitution of $550 to Montgomery Ward Company during the period of probation, and not enter any tavern, cocktail lounge or saloon and refrain from the use of intoxicating liquors during the term of her probation.

On April 13, 1964, a petition to revoke probation was filed. Motion to strike petition and for release of defendant was filed April 27, 1964. On May 6, 1964, an amended petition to revoke probation was filed, alleging probation was granted on February 24th, 1961,

for a term of three years and that she had not been discharged therefrom; that she had not filed reports as required; that she had failed to appear in person before the court as required and had failed to refrain from the use of intoxicating liquors during the term of her probation. On May 11th, 1964, defendant filed her motion to strike the amended petition to revoke probation, alleging that the term of probation had ended before the filing of the petition to revoke and that the court was without authority to revoke probation after the term of probation had ended. Defendant's motion to strike was denied, and the court after holding a hearing on the amended petition to revoke probation granted the petition, revoked the probation and sentenced the defendant to the State Reformatory for Women for a term of not less than one year nor more than three years. The defendant appeals to this court.

The only question presented by this appeal is whether the court retained jurisdiction after the term of probation had ended, or stated another way, had the court lost jurisdiction with the ending of the probation period? The term of probation was for a period of three years from the 24th day of February 1961. There were no qualifications or conditions imposed in to with the order as to extension, order of discharge, or reduction of the term. It was for a three year period.

Plaintiff-appellee, the People of the State of Illinois, contend that except for the fixing of the probation term of the defendant, the cause is governed by the amendatory law governing probation which became effective January 1, 1964. The theory of the People is that the court retained jurisdiction of the defendant until she was discharged from probation; that this jurisdiction would extend for a total period of

256

five years, unless within that time the defendant is discharged by order of court.

Article 117, Section 117–1, subsection (b) of Chapter 38, Ill Rev Stats provides that the term of probation may be for any period not less than 6 months and not to exceed 5 years. The court may for good cause extend the period of probation for not more than an additional 2 years. Subsection (c) of the same section provides that a person admitted to probation shall remain subject to the jurisdiction of the court.

Article 117, Section 117–3, subsection (a) of Chapter 38, Ill Rev Stats (1963) provides as follows:

"(a) When *within the period of probation* a petition charging a violation of a condition of probation is presented to the court which admitted the person to probation the court may issue a warrant for the arrest of the probationer." (The emphasis is ours.)

At the time the defendant was placed on probation the Statute provided that upon petition for probation being filed, in the discretion of the court the cause could be continued for a period not exceeding six months in cases of violation of a municipal ordinance and not exceeding five years in the case of other offenses, the court by such order to fix and specify the terms and conditions of the probation. A cause so continued pursuant to the Act to be deemed subject to the jurisdiction of the court in which it is pending, or any judge thereof, for the full period of its continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance. Section 786, Chapter 38, Ill Rev Stats (1959). Section 789 provides for procedure upon alleged violation of probation "within

257

the period of any probation." Chapter 38, Ill Rev Stats (1959).

In the case of the People v. McMurray, 391 Ill 271, 62 NE2d 793, the defendant pleaded guilty to larceny, made application for probation and was admitted to probation on October 13, 1936 for a period of one year. At the May term 1937, the State's Attorney made motion for a rule on defendant to show cause why probation should not be vacated for unlawfully carrying and possessing a deadly weapon, contrary to statute. The defendant was brought into court and unable to give bail was remanded to jail. On June 30, 1937, the court took the matter under advisement and continued the cause generally and released the defendant pending further order of court. In February 1939, the State's Attorney again made application for rule on defendant to show cause why the order of probation entered October 13, 1937 should not be vacated. At that time, the court vacated the order of probation. In August 1943, the defendant was brought into court and sentenced to the penitentiary. The court in that case held that the court lost jurisdiction of the defendant when it did not act within one year, either to vacate or extend the period of probation, and did not act within two years which was the longest possible period upon which action on probation could be postponed under the statute.

In the case of People v. Cahill, 300 Ill 279, 133 NE 228, the statute on probation provided for a maximum of one year, and an extension of probation of not more than one year, or a total of 2 years. The Cahill case was decided in 1921. Probation was ordered on September 18, 1919, for a period of one year. On January 2, 1920, probation was revoked, and the defendant was ordered jailed. On March 23, 1920, the defendant moved to vacate the order of revocation, and this motion was allowed and the defendant placed on proba-

258

tion for a term of one year and the cause continued for one year. On January 3, 1921, a bench warrant was issued for the defendant and he was placed in jail. On February 5, 1921, defendant appeared with counsel and obtained a postponement of the proceedings. The cause was continued until May 23rd, 1921, when the cause was heard upon the various charges of violation of parole within the year subsequent to March 23, 1920. At that time the court revoked defendant's parole and sentenced him to the penitentiary. The defendant sued out writ of error to review the judgment and sentence of the court. The Supreme Court held that the statute provided for probation for a maximum period of one year in the first instance and for a maximum extension period of one year, so that the entire probation period could not exceed two years. The court held that the order of March 23, 1920, did not properly extend the probation period for one year and that the court did not have the authority to continue the cause for one year. The court held that the original probation period expired September 17, 1920, at midnight, and that it was duty of the probation officer to promptly report the conduct of the probationer during the entire period of his probation, and the court should thereupon have discharged the probationer from further supervision, or should have extended the probation period not to exceed one year, or have pronounced sentence upon his plea. The court held that the court had lost its jurisdiction, holding it was the duty of the trial court to pronounce judgment promptly at the term in which a conviction is had or at a term to which the cause is properly continued for final consideration, and if sentence is indefinitely suspended the court loses jurisdiction and a judgment subsequently entered is void. In the Cahill case, at page 284, the court said: "This probation period is fixed by the provisions of Section

259

3 of the act, and is fixed by the length of time the court is authorized to continue the cause at the term in which the application of probation is first granted. . . ." Since the statute in 1961 provided for a maximum of five years probation, if this language of the statute is read literally, the court retained jurisdiction for not the three years probation set by the court, but for five years. But the court in that case on page 284, also said: "It is clear that the court may fix this probation period for less than the maximum time specified in the statute but not for a greater time. . . ."

In the case of People v. Koning, 18 Ill App2d 119, 151 NE2d 103, it was held that the period of probation and the period of continuance of the cause are analogous, citing the case of People v. Cahill, 300 Ill 279, 133 NE 228, and specifically the language concerning the probation period. In the Koning case, the order of revocation was within the original probation period fixed by the court.

In the case of People v. Kostaken, 16 Ill App2d 395, 148 NE2d 615, the court held that the court retained jurisdiction for the period of probation.

Determination of the issue in this cause must rest upon a determination of the meaning of the words "period of probation." If they mean the maximum period of probation permitted by the statute, they mean five years, without regard to the period of probation set by the court. If that be true, then the probationer may be put on probation for one year, but any time within five years he may be brought into court for violation of his probation and sentenced, unless he is released from probation in the meantime. On the other hand, if the period of probation means the period fixed by the court, then, when the period fixed by the court has expired, without further order or extension, the probationer is without the jurisdiction of the court to revoke probation or to sentence.

We believe the latter interpretation is more equitable and proper. The court at the time probation is granted has the power to place the defendant on probation for any period up to five years. It may determine the probation required to be less than five years. The matter of probation is within the discretion of the court. The term of probation is within the discretion of the court, provided such term is within the maximum provided by statute. In the exercise of that discretion the trial court fixes a definite term. If the probation has not been revoked within that definite term the probation is at an end and the probationer should be discharged from the terms and conditions of probation and the jurisdiction of the court ended. If this is not true, then every probation, for whatever period ordered, could extend for the full five years allowable by the statute. This court does not believe the legislature so intended.

For the reasons stated, this court holds that the period of probation is that fixed by the court, not the maximum fixed by statute. In this case, the defendant was placed on probation for a period of three years, from February 24, 1961. The period of probation ended February 23, 1964, at midnight. The court lost jurisdiction to revoke and sentence at that time. The judgment order of May 11, 1964, filed May 18, 1964, is reversed and the cause is remanded with instructions to discharge the defendant.

Reversed and remanded.

DOVE, P. J. and WRIGHT, J., concur.