THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOSEPH PATRICK *et al.*, Defendants-Appellants.

Second District (2nd Division)   Nos. 75-253, 75-369 cons.

Opinion filed February 24, 1977.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellants.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendants were charged with five counts of armed robbery. The jury returned a verdict of not guilty on two counts and guilty on the other three. The court entered a judgment on all verdicts and sentenced the defendants to a term of not less than four years nor more than four years and one day on each count, the sentences to run concurrently. On appeal, the defendants contend that (1) the verdict is contrary to the manifest

weight of the evidence and (2) the defendants were improperly convicted of three crimes arising out of the same conduct.

The facts in this matter were substantially set forth by this court in *People v. John Patrick* (1976), 43 Ill. App. 3d 784, which involved the appeal of a codefendant of the two defendants in the instant appeal. There is, therefore, no need to recite them again. It will suffice to note that the defendants gained admission to the premises occupied by Dale Walksler. The State's evidence was that Joseph Patrick pulled a gun and ordered Walksler and a friend, Robert Koslow, to lie on the floor. Various items including money, were taken from them. Shortly thereafter, a heating repairman, John Bauer, and his assistant, Billy Whitley, arrived to fix the furnace. They were admitted by Joseph Patrick and ordered to lie on the floor and property was taken from them. As the intruders were leaving, Gary Dunn, a friend of Walksler's, arrived, was relieved of his money, and ordered to lie on the floor. All of the victims were tied up, and defendants departed.

The defendants gave a completely conflicting version of the event, and on appeal point to certain discrepancies in the testimony of the State's witnesses, and especially, in the testimony of Walksler and Koslow, which varied from the testimony of Bauer, Whitley and Dunn in certain particulars. They argue that, in view of these discrepancies, the State failed to prove their guilt beyond a reasonable doubt.

■■■ A court of review will not substitute its judgment for that of the trier of fact on questions involving the credibility of witnesses. (*E.g., People v. Shappert* (1975), 34 Ill. App. 3d 683, 689.) The presence of conflicting testimony, or minor discrepancies in testimony, presents questions of credibility to be resolved by the trier of fact and does not justify a court of review in setting aside a jury verdict or trial court finding. (*People v. Glenn* (1975), 33 Ill. App. 3d 417.) Here it is obvious that the jury chose to believe the substance of the testimony of Bauer, Whitley and Dunn, and there is nothing of record which would justify a reversal by this court of that finding.

■■ We now turn to the defendants' next contention. In this case, as in *People v. John Patrick* (1976), 43 Ill. App. 3d 784, the defendants allege that they were improperly convicted of three crimes arising out of the same conduct, citing *People v. Nicks* (1974), 23 Ill. App. 3d 435, *rev'd in part on other grounds,* 62 Ill. 2d 350 (1976), and *People v. Butler* (1975), 31 Ill. App. 3d 433. Here, as in the previous *Patrick* case, the State has confessed error, conceding that "only one conviction should be affirmed since the others resulted from the same transaction." We are aware that in the *John Patrick* case, based on the State's confession of error, we vacated the convictions as to two of the counts. However, the *Butler* case cited by defendants was appealed by the State. The supreme court reversed in an

opinion wherein rehearing was denied November 12, 1976, holding that multiple convictions for armed robbery are proper where more than one victim is involved, even though the robberies are simultaneous, or nearly so. (*People v. Butler* (1976), 64 Ill. 2d 485.) Upon consideration and in view of the supreme court's decision in *Butler*, as well as in *People v. Prim* (1972), 53 Ill. 2d 62, it is clear that there was no error in imposing multiple convictions in the instant case. (*People v. Thomas* (1976), 43 Ill. App. 3d 328; *People v. Robinson* (1976), 41 Ill. App. 3d 526; *People v. Terry* (1976), 38 Ill. App. 3d 517; *People v. Lewis* (1974), 17 Ill. App. 3d 188; *People v. Rogers* (1974), 23 Ill. App. 3d 115; *People v. Ellis* (1971), 132 Ill. App. 2d 920.) The State's confession of error is not conclusive of this issue, and does not relieve us of our duty to make an independent determination of the question. (*People v. Fitzgerald* (1968), 91 Ill. App. 2d 191; *People v. Kelly* (1965), 66 Ill. App. 2d 204.) In view of the above cited cases, a reversal of the defendants' multiple convictions would be unwarranted. In the interest of complete fairness, however, we would request that the Parole Board take notice of the fact that the conduct of these defendants was, for all intents and purposes and in spite of the multiple convictions, indistinguishable from that of defendant John Patrick in 43 Ill. App. 3d 784.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.