THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERTO MARTINEZ, Defendant-Appellant.

Second District    No. 86—0318

Opinion filed December 10, 1986.

G. Joseph Weller and Mary Kay Schick, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor's Office, of Springfield, and William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of Elgin, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, Roberto Martinez, appeals from the trial court's order sentencing him to a six-month term of confinement in the Lake County jail following his admission to the allegations contained in a petition to revoke his probation. He contends on appeal that the trial court's order was void because the court lacked the jurisdiction to enter it.

On February 13, 1985, the defendant pleaded guilty to unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)) and was sentenced to a one-year term of probation. On February 13, 1986, the State filed a petition to revoke the defendant's probation for his failure to pay court costs, to make restitution (later amended to failure to pay a fine), to complete public service employment, and to report to his probation officer, all of which were conditions of the order of probation. On February 26, 1986, the defendant admitted the allegations in the petition and, on March 17, 1986, was sentenced to six months in the county jail.

■ The defendant's contention on appeal is that as his probation term expired as of midnight on February 12, 1986, the court was without jurisdiction to revoke his probation on February 13, 1986. The State confesses error. Although we note that this issue was not raised below, the question of the trial court's jurisdiction may be raised at anytime. See *People v. Gregory* (1974), 59 Ill. 2d 111, 112, 319 N.E.2d 483.

■ Jurisdiction over a defendant in a criminal matter requires both subject matter jurisdiction and personal jurisdiction. Generally, subject matter jurisdiction over a probationer is coexistent with the duration of his sentence of probation. (*People v. Green* (1980), 91 Ill. App. 3d 127, 129, 414 N.E.2d 237.) The period of probation shall be tolled by personal service of the petition for violation of probation or the issuance of such warrant, summons or notice, and the period shall not run until the hearing and disposition of the petition for violation. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(a)(3).) Absent such a tolling, the court, however, has no authority to revoke a defendant's pro-

bation after the period of probation has expired. *In re Pacheco* (1978), 67 Ill. App. 3d 396, 397, 384 N.E.2d 986.

█ The question to be determined is whether the trial court retained jurisdiction on February 13, 1986, such that it had the authority on that date to entertain a petition to revoke the defendant's probation. The defendant argues, and the State concedes, that the probation term expired at midnight on February 12, 1986, the 365th day of the sentence. (See *People v. Cahill* (1921), 300 Ill. 279, 287, 133 N.E. 228.) The State's confession of error is not conclusive of this issue, and it does not relieve this court of its duty to make an independent determination of the question. (*People v. Patrick* (1977), 46 Ill. App. 3d 122, 124, 360 N.E.2d 792; see *People v. Greer* (1980), 79 Ill. 2d 103, 116, 402 N.E.2d 203.) In this case, after making an independent assessment of the issue, we must agree that the defendant's term of probation expired as of midnight on the 365th day following the imposition of the sentence. Therefore, we reverse the trial court's order of March 17, 1986, sentencing defendant to six months in the county jail for violating the terms of his probation.

Reversed.

NASH, P.J., and HOPF, J., concur.