# Illinois Official Reports

## Appellate Court

---

### *People ex rel. Webb v. Wortham*, 2018 IL App (2d) 170445

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* SUZANNE K. WEBB, Petitioner-Appellant, v. CYNTHIA K. WORTHAM, Respondent-Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CYNTHIA K. WORTHAM, Defendant-Appellee. |
| District & No. | Second District<br>Docket Nos. 2-17-0445, 2-17-0464 cons. |
| Filed | August 13, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, Nos. 11-OP-844, 15-CF-1653; the Hon. John Dalton and the Hon. Linda Abrahamson Baurle, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, David J. Robinson, and Stephanie Hoit Lee, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>James E. Chadd, Thomas A. Lilien, and Sherry R. Silvern, of State Appellate Defender's Office, of Elgin, for appellee. |

JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Birkett concurred in the judgment and opinion.


## OPINION

¶ 1 The State appeals two orders based on a common holding. In case No. 11-OP-844 (appeal No. 2-17-0464), respondent, Cynthia K. Wortham, petitioned under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)), claiming that an order entered on December 5, 2013, under the Stalking No Contact Order Act (Act) (740 ILCS 21/1 *et seq.* (West 2012)), in favor of relator, Suzanne K. Webb, was void. The trial court granted the petition. In case No. 15-CF-1653 (appeal No. 2-17-0445), the State charged Wortham with violating the 2013 order. She moved to dismiss the charges, based on the holding in the civil case. The court granted the motion. We have consolidated the appeals.

¶ 2 On appeal, the sole issue is whether the 2013 order was void. We hold that it was, and we affirm both judgments.

¶ 3 On October 19, 2011, Webb initiated case No. 11-OP-844 by filing an emergency petition under the Act. That day, the trial court entered an emergency order and set a hearing for November 3, 2011. Wortham was duly served with a summons. On November 1, 2011, she filed her appearance and a response. On November 3, 2011, the court extended the order to December 1, 2011.

¶ 4 On December 1, 2011, the court granted Webb a "Plenary Stalking No Contact Order," in effect until December 1, 2013. The order included the following language:

> "This order can be extended upon notice filed in the office of the Clerk of this Court and a hearing held *prior to the expiration of this Order*. NOTE: To ensure adequate time for a hearing, it is recommended that Petitioner seek an extension at least 3 weeks prior to the expiration of this order." (Emphasis in original.)

¶ 5 On December 13, 2011, a sheriff's deputy filed an affidavit stating that he had been unable to serve Wortham personally, as her house in Elgin had been condemned. On December 20, 2011, a deputy stated by affidavit that, on December 14, 2011, he personally notified Wortham at a specified address in Hampshire.

¶ 6 On November 26, 2013, Webb filed a "Notice of Motion," addressed to Wortham at her former Elgin residence, with the notations "Current Living Address Known" and "GPS Monitoring (Kane)" (a reference to a condition of probation in a prior stalking case, No. 12-CF-1148). The notice stated that, on December 5, 2013, Webb would appear in court to present a motion to "EXTEND ORDER OF PROTECTION." Under the heading "Affidavit of Service," Webb stated that, on November 26, 2013, she served the notice by mailing it to Wortham.

¶ 7 Webb never served Wortham personally or by publication with the notice of motion.

¶ 8 On December 5, 2013, the trial court entered a plenary order under the Act. The order stated that it was in effect until December 5, 2015. It gave Wortham's address as the Elgin residence at which the sheriff's deputy had attempted to serve her in 2011. On December 23, 2013, a sheriff's deputy filed an affidavit stating that, on December 19, 2013, he had personally served Wortham with the 2013 order at a specified address in St. Charles.

¶ 9	On October 16, 2015, the State initiated case No. 15-CF-1653 by charging Wortham by information with violating the 2013 order (see 740 ILCS 21/215 (West 2014)). On February 24, 2016, the State filed an indictment charging two violations, which allegedly occurred on October 6, 2015.

¶ 10	On January 30, 2017, Wortham moved to dismiss the criminal charges on the basis that the 2013 order was void. She relied on section 60 of the Act (740 ILCS 21/60 (West 2012)), which reads:

> "(a) Any action for a stalking no contact order requires that a separate summons be issued and served. The summons shall be in the form prescribed by Supreme Court Rule 101(d), except that it shall require the respondent to answer or appear within 7 days. Attachments to the summons or notice shall include the petition for stalking no contact order and supporting affidavits, if any, and any emergency stalking no contact order that has been issued.
>
> (b) The summons shall be served by the sheriff or other law enforcement officer at the earliest time and shall take precedence over other summonses except those of a similar emergency nature. Special process servers may be appointed at any time, and their designation shall not affect the responsibilities and authority of the sheriff or other official process servers.
>
> (c) Service of process on a member of the respondent's household or by publication shall be adequate if: (1) the petitioner has made all reasonable efforts to accomplish actual service of process personally upon the respondent, but the respondent cannot be found to effect such service; and (2) the petitioner files an affidavit or presents sworn testimony as to those efforts.
>
> (d) A plenary stalking no contact order may be entered by default for the remedy sought in the petition, if the respondent has been served or given notice in accordance with subsection (a) and if the respondent then fails to appear as directed or fails to appear on any subsequent appearance or hearing date agreed to by the parties or set by the court."

¶ 11	Wortham argued that the 2013 order was void because Webb had failed to serve her with notice of the motion in the manner that section 60 required. Wortham noted that no summons had been served in connection with the motion. She argued that any judgment rendered without service of process as required by statute is void, regardless of actual notice. Therefore, the criminal charges could not stand.

¶ 12	Wortham noted further that the 2011 plenary order had plainly informed Webb that it could be extended upon (1) notice filed and (2) a hearing held "prior to the expiration of this Order" and that, for this reason, it recommended that Webb seek any extension at least three weeks before December 1, 2013. However, Webb filed her "Notice of Motion" on November 26, 2013, and the hearing was not held until December 5, 2013, the date that Webb had chosen, four days after the order expired. Thus, even had the Act allowed Webb to obtain an extension of the order without again serving Wortham with a summons (which Wortham did not concede), the failure to serve a summons was fatal to what in reality was a new plenary order. Because prosecuting Wortham for disobeying a void order would violate due process, the charges had to be dismissed.

¶ 13    On May 23, 2017, the State responded to Wortham's motion to dismiss. The State contended in part that there had been no defect in service, as Wortham had repeatedly submitted to the jurisdiction of the trial court since November 1, 2011. By filing a general appearance in the civil case on that date, she had waived any defects in service.

¶ 14    On March 30, 2017, in the civil case, Wortham filed a "Motion to Determine Validity of Plenary Stalking No Contact Order as of October 6, 2015." The motion argued that the 2013 order was void, for the same reasons alleged in her motion to dismiss the criminal charges. On April 3, 2017, the State responded with a motion to dismiss Wortham's motion, primarily for the reasons raised in its response to the motion to dismiss the criminal charges. The State was granted leave to intervene in the civil case.

¶ 15    On April 4, 2017, Wortham filed a section 2-1401 petition, raising the same claim as in her motion. The petition noted that, in the criminal case, Judge Abrahamson had held a decision in abeyance until the validity of the 2013 order had been decided in the civil case.

¶ 16    On May 18, 2017, Judge Dalton heard arguments on Wortham's section 2-1401 petition. He noted that a nonprecedential order, *Ivancicts v. Griffith*, 2015 IL App (4th) 150340-U, raised issues pertinent here. In *Griffith*, the trial court entered a plenary order under the Act, to expire January 31, 2015. On January 22, 2015, the petitioner moved to extend the order and set the matter for hearing on March 4, 2015. On that date, the respondent moved to strike the motion, arguing that, because the order had expired, the court could not extend it. The court denied his motion and entered an agreed interim order pending an interlocutory appeal. *Id.* ¶ 2.

¶ 17    As pertinent here, the appellate court held first that filing a motion to extend a plenary order under the Act does not toll the expiration of the order. Thus, the order at issue still expired January 31, 2015. *Id.* ¶ 19. The court held second that, because the plenary order had expired before the hearing, the trial court lacked the authority to extend it. Therefore, although the trial court generally had subject matter jurisdiction over motions to extend plenary orders under the Act, in that case there was "nothing with legally binding effect for the court to exercise jurisdiction over." *Id.* ¶ 27. The petitioner could have avoided this result by setting the hearing for a date before the order expired; by waiting until afterward, she had deprived the court of anything to act upon. The plenary order could not be extended because "[o]ne cannot extend that which no longer exists." *Id.* ¶ 29. Therefore, the appellate court reversed the trial court and remanded the cause with directions to vacate the interim order. *Id.*

¶ 18    The *Griffith* court noted *Lutz v. Lutz*, 313 Ill. App. 3d 286 (2000), in which the trial court granted the petitioner's motion to extend a plenary order of protection entered under the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 1998)). In *Lutz*, the order by its terms expired on October 28, 1998, at 9:20 a.m. On October 20, 1998, the petitioner moved to extend the order. At a hearing on October 28, 1998, at 2:20 p.m., the trial court granted her motion and extended the plenary order. *Lutz*, 313 Ill. App. 3d at 287-88.

¶ 19    On appeal, the respondent contended that the extension was error because, when the court entered it, the plenary order had already expired. The court rejected this argument. Noting that the petitioner had filed her motion before the plenary order had expired and that she had scheduled the hearing for the last day on which it was in effect, the court explained, "While a technical argument may be made [that] the original order had expired at the time of extension, we find the minor lapse of time to be *de minimis* [*sic*]." *Id.* at 290.

¶ 20    The *Griffith* court distinguished *Lutz*, reasoning that the 32-day hiatus in the case before it could not be considered *de minimis*. *Griffith*, 2015 IL App (4th) 150340-U, ¶¶ 24-25.

¶ 21    Judge Dalton found *Griffith* persuasive, although he recognized that it was not binding. He reasoned that Webb's 2013 "motion" to "extend" the 2011 plenary order had in reality started a new proceeding, for a new plenary order. As such, it had required that Wortham be served in accordance with section 60 of the Act. As that had not happened, the 2013 order was void, regardless of whether Wortham had known of any or all of the proceedings. Judge Dalton granted the section 2-1401 petition.

¶ 22    On May 24, 2017, the State moved to reconsider the judgment. On May 25, Judge Dalton denied the motion, and Judge Abrahamson dismissed the criminal charges, based on Judge Dalton's judgment. The State timely appealed from the civil judgment (see Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016)) and the criminal judgment (see Ill. S. Ct. R. 604(a)(1) (eff. Mar. 8, 2016)).

¶ 23    On appeal, the State contends that the 2013 order is not void, because Webb properly served Wortham with notice of the motion to extend the 2011 order and of the hearing on the motion. The State concedes that no summons was ever served on Wortham, but it argues that service by mail was sufficient under section 65 of the Act (740 ILCS 21/65 (West 2012)).

¶ 24    Whether a trial court had jurisdiction is a question of law, which we review *de novo*. *Commerce Trust Co. v. Air 1st Aviation Cos.*, 366 Ill. App. 3d 135, 140 (2006). "Absent a general appearance, personal jurisdiction can be acquired only by service of process in the manner directed by statute." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Any judgment rendered without service of process as directed by statute is void, regardless of whether the defendant or respondent actually knew of the proceedings. *Id.*

¶ 25    The trial court relied on the reasoning of *Griffith* that an expired stalking-no-contact order cannot be extended—meaning that the petitioner can use the Act against the respondent only if he or she starts a new proceeding by petitioning for another order. In *Griffith*, the petitioner's failure to do so left the trial court with literally nothing to decide. Here, Judge Dalton held that Webb's post-December 1, 2013, conduct left the trial court with what was designated a motion to extend the 2011 order but was in reality a petition for a new order. Judge Dalton concluded that, because Webb did not serve Wortham with a summons, as required for a new proceeding, the trial court never acquired jurisdiction over Wortham.

¶ 26    On appeal, the State does not contend that Webb satisfied the Act's requirements for obtaining a new order. It argues, however, that she did not need to do so because Wortham had already been personally served and made an appearance in 2011, when Webb filed her original petition. The State relies on section 65 of the Act, which states, "*Except as provided in Section 60*, notice of hearings on petitions or motions shall be served in accordance with Supreme Court Rules 11 and 12 ***." (Emphasis added.) 740 ILCS 21/65 (West 2012). The State reasons that, because Webb filed her motion to extend before the 2011 order expired, and because the notice to Wortham conformed to section 60, which allows service by mail for documents other than process or complaints (see Ill. S. Ct. R. 11 (eff. July 1, 2013)), Webb served Wortham properly and thus obtained a valid extension.

¶ 27    The State also notes that *Griffith* did not bind the trial court and may not be cited as binding or precedential on appeal. We note that this is true but of no consequence here. Illinois Supreme Court Rule 23(e)(1) (eff. July 1, 2011) states that nonprecedential orders may be cited by parties for only limited purposes. Nothing, however, bars a court from

adopting sound reasoning. Judge Dalton recognized that he was not bound by *Griffith*, and we recognize that it is nonprecedential. But we need not ignore persuasive reasoning in a nonprecedential order any more than persuasive reasoning in a learned treatise or anywhere else.

¶ 28    We turn to the issue on appeal: whether the trial court correctly held that the 2013 order was void for want of proper service on Wortham. In considering this question, we shall assume—without deciding—that service by mail under section 65 would have been proper for a motion to extend the 2011 order.[1] We agree with the trial court that service here was nonetheless insufficient because as of December 5, 2013, the 2011 order had expired, leaving the trial court with nothing to extend. Thus, to invoke the Act against Wortham, Webb had to start the statutory procedure anew, filing a petition and serving Wortham in accordance with section 60 of the Act. Section 65's allowance of notice by mail did not apply because the situation that existed after December 1, 2013, was within the exception with which section 65 begins (quoted and emphasized earlier).

¶ 29    That the 2011 order had expired before December 5, 2013, is compelled by the plain language of both the order and, more importantly, the Act. The order unambiguously told Webb that it expired on December 1, 2013. The Act states as plainly, "Except as otherwise provided in this Section, a plenary stalking no contact order shall be effective for a fixed period of time, not to exceed two years." 740 ILCS 21/105(b) (West 2012).

¶ 30    Although a plenary order may be extended one or more times (*id.* § 105(c)), we agree with the trial court and the *Griffith* court that one cannot "extend" what no longer exists and cannot lawfully continue in existence. *Lutz* is distinguishable: the *de minimis* rule pronounced there can hardly apply to a gap of four days, as opposed to later on the same day. (Moreover, the order in *Lutz* appears to have been unusual in designating not only the date but the hour of its expiration.) If we relax the rules for a petitioner who wishes to "extend" a nonexistent order, at what point do we stop? If more than one calendar day may elapse without requiring a new proceeding, why not one month? The State's position would threaten unfairness toward anyone who was formerly restricted by an order under the Act but now reasonably believes that the restriction was lifted long ago. On the other hand, requiring that an extension be granted only as long as there is something to extend would work no unfair prejudice to a petitioner: all he or she has to do is follow the plain language of the Act—and the instructions on a form order such as the one used here.

¶ 31    In this respect, it is of no moment that Webb filed her motion and mailed her notice before the 2011 order had expired. The point is that the order expired several days before the trial court purportedly extended it. The Act nowhere provides that the running of a plenary order is tolled by the filing of a motion to extend it. If a statutory provision is unambiguous, we must apply it straightforwardly, without reading in exceptions, limitations, or qualifications. *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 74 (2002). Had the

---

[1]As Wortham has not argued otherwise, we shall also assume that mailing the notice to her Elgin address was sufficient, even though in 2011 a sheriff's deputy had been unable to serve her there and had stated that her residence had been condemned. The record does not include a copy of the envelope in which the notice was presumably mailed, so we do not know for certain what address Webb actually used. However, the Elgin address is the only specific location given on the notice form.

legislature intended a tolling provision, it would have supplied one. Without any tolling provision, the 2011 order expired before the trial court could have extended it.

¶ 32      We note a compelling analogy in criminal law. The legislature has provided that the service of a petition to revoke a defendant's probation tolls the period of probation. 730 ILCS 5/5-6-4(a) (West 2016). The legislature could have inserted a similar provision into the Act, tolling the period of an order of protection upon the service of a motion to extend the order. However, it chose not to do so.

¶ 33      Further, the probation-revocation example supports the result here. If the State does not petition to revoke a defendant's probation until after the probation period has ended, there is nothing left to revoke. *People v. Wilson*, 293 Ill. App. 3d 339, 341 (1997). Thus, in *People v. Martinez*, 150 Ill. App. 3d 516 (1986), this court reversed an order revoking the defendant's probation and resentencing him to jail. We explained that the State had filed its petition on the day after the probation term had expired. *Id.* at 517-18. We see no reason to read the Act more broadly than we read the probation statute. Neither an expired term of probation nor an expired order under the Act gives a court anything to revoke or extend.

¶ 34      For the foregoing reasons, we hold that the trial courts properly granted Wortham's section 2-1401 petition and, based on that holding, properly dismissed the criminal charges. Therefore, we affirm the judgments of the circuit court of Kane County.

¶ 35      Affirmed.