**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240292-U

Order filed June 11, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0292<br>Circuit No. 19-CF-295 |
| JEREMIAH P. NAGLE, | ) ) ) | Honorable<br>Michael C. Jansz, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court did not have jurisdiction to revoke a term of probation that expired prior to the State filing its petition to revoke; the court's failure to conduct a preliminary inquiry under *People v. Krankel* did not constitute harmless error.

¶ 2    Defendant, Jeremiah P. Nagle, appeals the La Salle County circuit court's decision to revoke his probation, arguing that the court did not have jurisdiction to revoke probation on one charge and that the court erred in not conducting a preliminary inquiry under *People v. Krankel*

when he complained of his counsel's effectiveness. We vacate in part, reverse in part, and remand for a preliminary *Krankel* inquiry.

¶ 3                                                    I. BACKGROUND

¶ 4       Defendant was charged by indictment with driving while license revoked (DWLR) (625 ILCS 5/6-303(a), (d-2) (West 2018)) and aggravated driving under the influence of a drug (aggravated DUI) (*id.* § 11-501(a)(4), (d)(2)(B)) stemming from a traffic stop that occurred on July 19, 2019. The State later indicted him on a third count, possession of a controlled substance (720 ILCS 570/402(c) (West 2018). Defendant entered a blind plea of guilty for the DWLR and aggravated DUI charges on December 13, 2019. The State dismissed the possession charge as part of the plea agreement and agreed to cap any sentencing request at four years' imprisonment.

¶ 5       The court sentenced defendant on February 28, 2020. Defendant received 30 months' probation for his DWLR charge and 48 months' probation for the aggravated DUI. These probation terms were to be served concurrently. The court also sentenced defendant to 180 days' imprisonment in the county jail with credit for time already served.

¶ 6       The State filed several petitions to revoke probation while defendant was serving his probation. It filed the third and final petition to revoke on February 21, 2023, and amended it on March 22, 2023. This petition alleged that defendant failed to attend several scheduled appointments with his probation officer, refused to submit to drug testing on two occasions, and tested positive for cocaine on one occasion. While defendant originally wished to proceed as a self-represented litigant, he eventually received a public defender to represent him.

¶ 7       A hearing on the State's petition to revoke occurred on February 1, 2024. At this hearing, Heith Harrison, a county probation officer, testified regarding the appointments defendant missed. While he testified that defendant had missed several scheduled appointments, he indicated the case

notes showed defendant attempted to reschedule some of them. Harrison also testified that defendant twice refused to provide a urine sample for drug testing. He also testified that while there are other methods of drug testing, such as an oral swab, they were not used for defendant. He had no notes regarding whether those methods were offered to defendant on the days he did not provide a urine sample. Harrison's testimony concerning the alleged violations was largely based off the notes of two other probation officers who were previously in charge of defendant's case. No other probation officer testified at the hearing to corroborate the notes.

¶ 8   Defendant testified that he had missed some appointments because of transportation issues. Other appointments he admitted he missed "if they say I did." He stated he rescheduled his missed appointments but could not remember when they were rescheduled to or if he had attended the rescheduled meetings. Regarding the drug testing, defendant testified that he did not "refuse" to provide samples but that he could not provide a urine sample when requested. He asked to provide an oral swab on those days, but the probation officer denied his request.

¶ 9   The court found by a preponderance of the evidence that defendant violated the terms of his probation by missing appointments and failing to properly submit to drug testing. On April 11, 2024, the court resentenced defendant to concurrent terms of 18 months' imprisonment for the DWLR count and 3 years' imprisonment for the aggravated DUI count.

¶ 10   Defendant surrendered on April 25, 2024. He asked that the mittimus be stayed an additional week, but the court denied his request. He also stated that he wished to make a statement to the court regarding his case. Defendant said he had spoken to another attorney who told him to put certain statements on the record. Specifically, defendant told the court "[t]hat [the public defender] here had an empty envelope, did not have any of my discovery, and kind of prevented me from bringing any evidence to contradict quite a bit of what the State was stating." After

making this statement, defendant asked his attorney whether he disagreed with it, and the attorney said, "I don't even recall that, no."

¶ 11    The court stated it was not going to make any findings based on defendant's statement and executed the mittimus. Defendant appealed.

¶ 12                                   II. ANALYSIS

¶ 13    First, Defendant argues that the circuit court did not have jurisdiction to revoke his probation for DWLR because his original 30-month probation period for that charge had already expired when the State filed its petition to revoke. The State concedes this point and agrees that the court did not have jurisdiction.

¶ 14    On February 28, 2020, the court sentenced defendant to 30 months' probation on his DWLR count. Probation therefore ended on August 28, 2022. The State filed its petition to revoke probation on February 21, 2023. While defendant was still on probation for the aggravated DUI count, his DWLR probation term had clearly expired. Once a defendant's term of probation has expired, the court no longer has jurisdiction to revoke it. *People v. Martinez*, 150 Ill. App. 3d 516, 517-18 (1986). We therefore reverse and vacate defendant's sentence of imprisonment for the DWLR count.

¶ 15    Defendant next argues that the court erred by not conducting a preliminary inquiry under *People v. Krankel*, 102 Ill. 2d 181 (1984). Specifically, defendant contends that his statements prior to going into custody were clear complaints regarding the effectiveness of his counsel during the petition to revoke probation proceedings. Thus, the court should have conducted a preliminary inquiry to determine whether his complaints had merit. The State again concedes this point but contends the error was harmless.

4

¶ 16        In *Krankel*, our supreme court provided a framework for circuit courts to address a defendant's claim of ineffective assistance of counsel. *Id.*; *People v. Roddis*, 2020 IL 124352, ¶ 34. After a defendant raises a claim of ineffective assistance, the court must first examine the factual basis for the complaint. *Id.* In this inquiry, "some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). The court may also discuss the allegations with the defendant. *People v. Jolly*, 2014 IL 117142, ¶ 30. It may also base its assessment of the claims using its knowledge of counsel's performance. *Id.* The purpose of requiring this initial inquiry is to allow the court to decide whether to appoint new counsel to argue the claim. *People v. Jackson*, 2020 IL 124112, ¶ 95.

¶ 17        If the circuit court concludes that defendant's claim lacks merit or relates only to issues of trial strategy, then it can deny the claim and new counsel is unnecessary. *Roddis*, 2020 IL 124352, ¶¶ 35, 50, 61. On the other hand, if the allegation demonstrates potential neglect, the court should appoint new counsel who will then represent the defendant at a hearing on his claim. *Jackson*, 2020 IL 124112, ¶ 97. Whether the court properly conducted a preliminary inquiry under *Krankel* is a question of law, which we review *de novo*. *Id.* ¶ 98.

¶ 18        Even if an error occurs, we will not reverse if the error was harmless. *People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 29; *People v. Skillom*, 2017 IL App (2d) 150681, ¶ 28; *People v. Palomera*, 2022 IL App (2d) 200631, ¶ 62. To establish harmless error "the State must prove beyond a reasonable doubt that the result would have been the same absent the error." *Jackson*, 2020 IL 124112, ¶ 127; *People v. Stoecker*, 2019 IL App (3d) 160781, ¶ 11; *People v. Traina*, 230 Ill. App. 3d 149, 154 (1992). We make this determination based on the specific facts and

5

circumstances of each case when considering the record as a whole. *Stoecker*, 2019 IL App (3d) 160781, ¶ 11. The State argues that the error here was harmless because defendant would have been found to have violated probation anyway. However, this is not the determination we must make. During a preliminary inquiry, the circuit court must decide whether defendant's allegations demonstrate potential neglect by counsel. *Moore*, 207 Ill. 2d at 78. Thus, the proper determination to make in this case is whether the court would have found defendant's counsel was not ineffective even if a preliminary inquiry occurred.

¶ 19    The court's failure to make any inquiry into an allegation of ineffective assistance is not harmless where no record exists regarding defendant's claim. See *id.* at 81 (no record was made on the defendant's claims of ineffective assistance of counsel which made it impossible to conclude that the circuit court's failure to conduct an inquiry into the allegations was harmless); but see *Tolefree*, 2011 IL App (1st) 100689, ¶ 39 (finding harmless error when the substance of defendant's ineffective assistance of counsel claim was found in the record and it "did not indicate there was any substance beyond what was already in the trial record that would require a further inquiry under *Krankel*"). Here, defendant's claims were related to evidence he believed could have been used to contradict the State's evidence and that his counsel was unprepared for the hearing. There is nothing in the record regarding what additional evidence defendant believed would be helpful for his case. Additionally, defense counsel asserted at the hearing that he did not have the probation notes that Harrison utilized to refresh his recollection during his testimony and were admitted as business records. This statement by counsel could support defendant's allegation that his counsel showed up with an "empty folder" and was thus unprepared. Further inquiry was warranted to determine whether any of defendant's claims had merit.

¶ 20      We therefore find that the court's failure to conduct a preliminary inquiry was not harmless error because the substance of defendant's claim that he had other evidence to support his position is not contained in the record and his claim that counsel was unprepared may be supported by counsel's own statements at the hearing. See *Tolefree*, 2011 IL App (1st) 100689, ¶ 39. Accordingly, we remand the cause for the purpose of allowing the circuit court to conduct a preliminary inquiry under *Krankel*. See *Moore*, 207 Ill. 2d at 81.

¶ 21                                    III. CONCLUSION

¶ 22      The judgment of the circuit court of La Salle County is vacated in part, reversed in part, and remanded for a preliminary inquiry as required under *Krankel*.

¶ 23      Vacated in part and reversed in part; remanded.