NOTICE

Decision filed 11/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230478-U

NO. 5-23-0478

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cumberland County. |
| | ) | |
| v. | ) | No. 20-CF-25 |
| | ) | |
| DAVID M. PIEHL, | ) | Honorable |
| | ) | Jonathan T. Braden, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justice Cates concurred in the judgment.*

**ORDER**

¶ 1    *Held*:   The trial court's judgment revoking defendant's probation and resentencing him to two years' imprisonment and order denying defendant's motion to withdraw admission are reversed where the trial court lacked jurisdiction at the time of the revocation.

¶ 2    Defendant, David M. Piehl, appeals the trial court's denial of his motion to withdraw his admission contending the trial court lacked jurisdiction at the time of the probation revocation and all subsequent orders were void. We agree.

¶ 3                          I. BACKGROUND

¶ 4    Defendant was charged with one count of possession of methamphetamine (720 ILCS 646/60(b)(1) (West 2020)). At a hearing on April 5, 2021, the State presented a negotiated plea

_____
*Justice Welch also fully participated and voted in this decision prior to his passing earlier this year.

1

agreement wherein defendant would plead guilty to the charge and be sentenced to 24 months' probation. After hearing the factual basis of the charge and admonishing defendant of his rights, the court accepted the plea agreement and sentenced defendant to 24 months' probation.

¶ 5        On January 4, 2023, the State filed a petition to revoke defendant's probation. The petition alleged that defendant (1) committed three new offenses in Clark County, (2) failed to report to his probation officer, (3) failed to notify probation of his place of residence, (4) used illegal drugs, and (5) failed to successfully complete alcohol or drug treatment. On March 31, 2023, the trial court issued a video writ directed to the warden of the Clark County Correctional Center mandating defendant's appearance at a "status" hearing set for April 5, 2023.

¶ 6        At the April 5, 2023, hearing defendant confirmed that he had received a copy of the State's petition to revoke. The court addressed the allegations therein and admonished defendant that if the allegations were proven, defendant would be subject to the full range of penalties for a Class 3 felony which was two to five years in the Illinois Department of Corrections (IDOC), up to 10 years if extended term sentencing applied, followed by one year of mandatory supervised release (MSR). The court further stated that the offense could have a penalty of up to 30 months' probation and up to a $25,000 fine. Defendant stated that he understood the potential penalties and due to defendant's indigency, counsel was appointed.

¶ 7        On April 20, 2023, defense counsel moved for dismissal of the State's petition to revoke. The motion contended, citing *People v. Martinez*, 150 Ill. App. 3d 516, 517 (1986), that none of the procedures for a revocation of probation set forth in sections 5-6-4(a)(1)-(3) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-4(a)(1)-(3) (West 2020)) were timely met so as to toll the time of defendant's probation and the trial court did not have subject matter jurisdiction to

2

hear the State's petition. Based on the lack of tolling, defendant contended that the State's April 5, 2023, service of the petition on defendant was one day too late.

¶ 8      The parties argued the motion to dismiss on May 1, 2023. Defense counsel contended that no summons or warrant was issued on the petition to revoke, the State presented the petition to revoke on defendant at the April 5, 2023, hearing, and pursuant to *Martinez*, the trial court did not have jurisdiction. In response, the State argued that section 1.10 of the Statute on Statutes (5 ILCS 70/1.10 (West 2020)) applied and therefore the petition to revoke was timely based on defendant's admission that he had a copy of the petition to revoke on April 5, 2023. Following argument, the court took the matter under advisement.

¶ 9      The parties returned on May 15, 2023. At that time, the court advised that it did not yet have a decision and requested supplemental argument, stating there was a split of authority on how the time should be calculated based on decisions issued in *Martinez* and *People v. Peterson*, 2019 IL App (4th) 190035-U.[1] On May 22, 2023, the parties returned for a status hearing at which time the trial court denied defendant's motion to dismiss and set the matter for another status hearing.

¶ 10      At the June 26, 2023, status hearing, the State advised the court that the parties had reached an agreement on the petition to revoke probation in which defendant would admit two paragraphs in the State's petition and accept a sentence in the IDOC for a period of two years, with 91 days credit and one year of MSR. Defense counsel and defendant both agreed with the terms of the agreement set forth by the State. Following further admonishments to defendant, the court accepted the agreement and sentenced defendant to two years in IDOC with one year of MSR. The court further admonished defendant of his appeal rights.

---

[1]*Peterson* is a non-precedential and non-citable case as it was an unpublished decision issued prior to January 1, 2021. Ill. S. Ct. R. 23(b), (e) (eff. Apr. 1, 2018). Despite its classification, we disagree with the trial court's belief that the decision was inapposite to *Martinez* when both decisions reached the same conclusion for the same basis and, in fact, the State conceded error in both cases.

¶ 11    On June 30, 2023, defendant moved to withdraw his admission to the petition to revoke. The motion argued that the trial court's earlier denial of defendant's motion to dismiss based on a lack of subject matter jurisdiction was in error. The motion was heard on July 6, 2023, and following the hearing, the trial court denied the motion. Defendant appeals.

¶ 12                                         II. ANALYSIS

¶ 13    Before we address the merits, we must first determine if any decision is required due to mootness. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Commission*, 2016 IL 118129, ¶ 10. "As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Barbara H*., 183 Ill. 2d 482, 491 (1998).

¶ 14    Upon revocation of his probation, defendant was sentenced to two years' incarceration in the IDOC with one-year MSR for his Class 3 felony conviction of possession of methamphetamine. While the trial court's judgment did not set forth whether defendant's sentence was being served at 50%, 75%, 85% or 100% pursuant to section 3-6-3 of the Code (730 ILCS 5/3-6-3 (West 2020)), our review of that statute confirms defendant's sentence would be served at 50% ending on or about June 26, 2024. Additionally, defendant was given a 91-day credit at the time of sentencing thereby reducing his total incarceration time. In any event, defendant has been released from incarceration for the offense.[2] Despite defendant's release from IDOC, an appeal

---

[2]Illinois courts may take judicial notice at any time (see Ill. R. Evid. 201(f) (eff. Jan. 1, 2011)) and generally may take judicial notice of information on a government website. See *Kopnick v. JL Woode Management Co.*, 2017 IL App (1st) 152054, ¶ 26 (collecting cases). The Illinois Department of Corrections website, https://idoc.illinois.gov/offender/inmatesearch.html (last viewed Nov. 2, 2025) confirms defendant has already been released from incarceration for the offense associated with this appeal.

will not be moot if an MSR is still in place. See *People v. Younger*, 112 Ill. 2d 422, 426-27 (1986). While the record contains no documentation releasing defendant from MSR, based on defendant's sentence of incarceration, credit, and release, defendant's one-year MSR term would have expired, at the latest, on June 26, 2025. A challenge to a probation revocation determination becomes moot once a defendant completes the sentence. *People v. Vargas*, 2025 IL App (2d) 240609, ¶ 35.

¶ 15    While a court generally will not address a moot case, there are three recognized exceptions to the mootness doctrine. *In re Christopher C.*, 2018 IL App (5th) 150301, ¶ 13. The exceptions include "(1) the public-interest exception, (2) the capable-of-repetition exception, and (3) the collateral-consequences exception." *Id.*

¶ 16    The collateral consequences exception to mootness allows for appellate review "where collateral consequences survive the expiration or cessation of a court order that are likely to be redressed by a favorable judicial determination." *In re Rita P.*, 2014 IL 115798, ¶ 31. Application of the collateral consequences exception is " 'decided on a case-by-case basis.' " *Id.* (quoting *In re Alfred H.H.*, 233 Ill. 2d 345, 362 (2009)). The collateral consequences must stem solely from the present adjudication (*In re Alfred H.H.*, 233 Ill. 2d at 363) and must be concrete and not predicated on some speculative future possibility. *People v. Cousins*, 2023 IL App (1st) 230234, ¶ 15; see *Spencer v. Kemna*, 523 U.S. 1, 8-9, 13-14 (1998). Here, the record contains insufficient information for this court to find a collateral consequences exception.

¶ 17    The capable of repetition exception to the mootness doctrine applies only if (1) the challenged action is of such short duration that it cannot be fully litigated prior to its cessation and (2) the same complaining party may reasonably be expected to be subject to the same action again. *In re Alfred H.H.*, 233 Ill. 2d at 358. Given the duration of defendant's sentence combined with his MSR, we cannot find that the capable of repetition exception applies.

5

¶ 18    The public interest exception " 'permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court.' " *People v. Morgan*, 2025 IL 130626, ¶ 16 (quoting *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 12). The public interest exception applies when " ' "the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur." ' " *Id.* (quoting *Commonwealth Edison Co.*, 2016 IL 118129, ¶ 12, quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16).

¶ 19    The Illinois Constitution mandates "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objection of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The Unified Code of Corrections (Code) allows for a sentence of probation following conviction of certain offenses unless public protection concerns or deprecation of the seriousness of the offender's conduct override imposition of a probationary sentence. 730 ILCS 5/5-6-1(a) (West 2022). As such, the legislative objective of that section of the Code "creates a presumption in favor of probation." *People v. Vasquez*, 2012 IL App (2d) 101132, ¶ 64. With this background, we find the issue of probation revocation one of a public nature. Further, given the unfortunate likelihood that a defendant may not abide by the terms of the probation order, we find that addressing the jurisdictional issue raised by defendant is desirable for the future guidance of public officers and questions regarding the timeliness of a revocation petition are likely to occur. As such, we hold the issue meets all three criteria and therefore we find defendant's case reviewable as an exception to the mootness doctrine under the public interest exception. However, even if we did not find that any exception to the mootness doctrine existed, we would still address the merits because a void order can be attacked at any time, either directly or collaterally in any court. *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993).

6

¶ 20    On appeal, defendant argues that the trial court's denial of his motion to dismiss was in error because the trial court did not have jurisdiction to address the State's petition to revoke. "Illinois courts have consistently held that the circuit court's jurisdiction over a probationer is coexistent with the duration of his sentence of probation and once that term expires, the court has no authority to revoke or modify his probation." *People v. Thoman*, 381 Ill. App. 3d 268, 274 (2008) (citing *People v. Johnson*, 265 Ill. App. 3d 509, 511 (1994); *People v. Cahill*, 300 Ill. 279, 288-89 (1921)); see *People v. Nagle*, 2025 IL App (3d) 240292-U, ¶ 14 (where the term of probation had already expired the trial court had no jurisdiction to revoke the probation). The question of whether a trial court has jurisdiction is one of law and therefore we consider the issue *de novo*. *People v. Arriaga*, 2023 IL App (5th) 220076, ¶ 12.

¶ 21    In support of his claim that the trial court lacked jurisdiction, defendant relies on section 5-6-4(a) of the Code (730 ILCS 5/5-6-4(a) (West 2022)) and *Martinez*, 150 Ill. App. 3d 516 (1986). In response, the State abandons the Statute on Statutes argument presented to the trial court and now claims that defendant was properly served prior to April 5, 2023. The State admits this argument was not presented to the trial court and argues, citing *People v. De La Paz*, 204 Ill. 2d 426, 433 (2003), that the issue was not forfeited because defendant failed to raise a claim of waiver in his opening brief.

¶ 22    Our review of *De La Paz* reveals little support for the State's argument. In *De La Paz*, the defendant raised a new issue in his initial brief, but the State did not make a claim of waiver in its responsive brief. *Id.* As such, the court found the State waived its opportunity to claim waiver. *Id.* Here, the State presented no argument that defendant was timely and properly served before the trial court; ergo, defendant would have no reason to anticipate a new argument presented by the

7

State in its responsive brief after defendant filed his initial appellate brief. Accordingly, we will honor the forfeiture as to the State's argument and address the argument raised by defendant.

¶ 23 We start with the statute that sets forth the proper procedures for tolling probation in probation revocation cases. Section 5-6-4(a) of the Code provides that when the State files a petition alleging a violation of a defendant's probation, the trial court may issue a notice to the defendant, a summons directed to the defendant to appear in court, or a warrant for defendant's arrest. 730 ILCS 5/5-6-4(a)(West 2022). Section 5-6-4(a) further states,

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation, conditional discharge, supervision, or sentence of county impact incarceration until the final determination of the charge, and the term of probation, conditional discharge, supervision, or sentence of county impact incarceration shall not run until the hearing and disposition of the petition for violation." *Id.*

¶ 24 Here, the record reveals that none of the potential avenues for tolling defendant's probationary period were met. As such, the only issue is when defendant's probation period started and ended. In support of this issue, defendant relies on *Martinez*.

¶ 25 Defendant's probation order stated, "Now on this April 5, 2021, this cause comes for hearing on Defendant's application for Probation and the Court being fully advised in the premises finds *** that the Defendant should be admitted to Probation." The order continued stating, "IT IS THEREFORE, HEREBY ORDERED by the Court that the Defendant be, and he is hereby placed on Probation for a *period of twenty-four (24) months from and after this date*." (Emphasis added.) Based on this language it is apparent that defendant's probation began on April 5, 2021, and therefore, ended on April 4, 2023.

¶ 26    In *Martinez*, the defendant pled guilty to unlawful possession of cannabis and was sentenced to one year probation on February 13, 1985. *Martinez*, 150 Ill. App. 3d at 517. On February 13, 1986, the State filed a petition to revoke the defendant's probation. *Id.* The defendant admitted the allegations in the petition on February 26, 1986, and on March 17, 1986, the trial court sentenced the defendant to six months in the county jail. *Id.* On appeal, the defendant contended that his probation term expired as of midnight on February 12, 1986, and the trial court was without jurisdiction to revoke his probation on February 13, 1986. *Id.* In response to the argument, the State conceded that defendant's probation term expired on February 12, 1986, and confessed error. *Id.* at 518. Despite the confession of error, the appellate court made an independent determination on the question and ultimately agreed that the defendant's term of probation expired on the 365th day following the imposition of the sentence, which was midnight on February 12, 1985. *Id.* The court then reversed the trial court's order sentencing defendant to six months' incarceration. *Id.*

¶ 27    Similar results are seen in *People v. McDonald*, 52 Ill. App. 2d 254, 261 (1964) and *Irving v. Irving*, 209 Ill. App. 318, 320 (1918). In *McDonald*, the defendant was placed on probation for a period of three years on February 24, 1961. *McDonald*, 52 Ill. App. 2d at 261. The court found that the termination of the period of probation ended on February 23, 1964. *Id.* In *Irving* the court found that the word "year" used in a divorce statute meant a "calendar year" and a calendar year expired on the corresponding numerical day the following year, *less one*. (Emphasis added.) *Irving*, 209 Ill. App. at 320.

¶ 28    Conversely, section 1.11 of the Statute on Statutes states that the

        "time within which any act provided by law is to be done shall be computed

        by excluding the first day and including the last, unless the last day is Saturday or

9

Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." 5 ILCS 70/1.11 (West 2022).

Reliance on section 1.11, as claimed by the State while the case was before the trial court, would require us to find that the holdings in *Martinez*, *McDonald*, and *Irving*, were erroneous. We decline to make that finding.

¶ 29　In *People v. Williams*, 239 Ill. 2d 503, 505-06 (2011), the issue on appeal was whether the day of sentencing was included in the calculation of a presentencing credit or as a day of a defendant's sentence. Ultimately, the Illinois Supreme Court held that "the date a defendant is sentenced and committed to the Department is to be counted as a day of sentence and not as a day of presence credit." *Id.* at 510. *Williams* remains precedential. *People v. Harris*, 2012 IL App (1st) 092251, ¶ 38 (Defendant was not entitled to presence credit for his sentencing day but was "entitled to credit for the day of his arrest."); *People v. Perry*, 2011 IL App (1st) 081228, ¶ 90.

¶ 30　Further, there are instances where a defendant will receive concurrent sentences of incarceration and probation. See *People v. Tedford*, 112 Ill. App. 3d 603, 607 (1983) ("As to the defendant's sentence, we believe it must be modified so that the 18-month probationary term and the two 6-month jail terms run concurrently."). It would be unnecessarily complex to bestow inconsistent initiation and termination dates for probation and incarceration, especially if the sentences were to be served concurrently.

¶ 31　For these reasons, we hold that the trial court did not have subject matter jurisdiction at the time of defendant's probation revocation hearing on April 5, 2023. We further hold that due to the lack of jurisdiction at the April 5, 2023, hearing, the court was without jurisdiction to revoke

10

defendant's probation on May 11, 2023, and therefore, that order was void. See *Municipal Trust and Savings Bank v. Moriarty*, 2025 IL App (3d) 240225-U, ¶ 20 ("Because they have no legal effect, void orders may not be relied upon to generate subsequent orders."). We therefore vacate the trial court's order imposing a two-year sentence of incarceration in the IDOC with one-year MSR and the trial court's order denying defendant's motion to withdraw his admission to the State's revocation petition.

¶ 32                                  III. CONCLUSION

¶ 33    For the above-stated reasons, we reverse the trial court's denial of defendant's motion to withdraw his admission, the order denying defendant's motion to dismiss, the order revoking defendant's probation, and the judgment sentencing defendant to two years' incarceration in IDOC and one-year MSR.


¶ 34    Reversed.